THE WAYNE BUILDING & LOAN CO. *v.* HEADLEY ET AL., APPELLEES; OHIO BUREAU OF CREDITS, INC., APPELLANT.

**356**

(Decided May 6, 1940.)

Mr. E. F. *Mooneyham,* for appellees.
Mr. Chester L. *Dinsmore,* for appellant.

WASHBURN, P. J. In 1931, the Wayne Building & Loan Company, having a first mortgage upon property owned by Samuel A. Headley and Blanche Headley, husband and wife, and upon which was located a dwelling which was used by them as their home, brought an action to foreclose the mortgage.

The Standard Savings Bank, having a second mortgage on said homestead property and being made a party to the suit, set up its mortgage, and, by the decree in foreclosure, recovered a judgment against the Headleys on the 1st day of February, 1932.

The homestead was sold in said proceedings, and did not sell for more than enough to pay the first mortgage, and the judgment on the note securing the second mortgage has never been paid, in whole or in part. The order confirming the sale was entered on April 26, 1932.

The Standard Savings Bank failed, and its judgment was transferred by the superintendent of banks as a part of its assets to the Doylestown Banking Company. Afterwards that bank was likewise liquidated, and the judgment in question was transferred by the liquidator to the Ohio Bureau of Credits, Inc.

No execution has ever been issued to collect the judgment, and no proceedings in aid of execution have ever been prosecuted in reference to it.

The certificate of judgment law became effective on August 30, 1935, but no certificate in reference to said judgment was filed until after August 19, 1939.

On August 19, 1937, Section 11663-1, General Code, known as the deficiency judgment law, became effective, which provided, in effect, that any judgment upon any indebtedness secured by mortgage on real property upon which a dwelling used as a homesite had been located should become void at the expiration of two years from the date of such judgment or the effective date of that act, whichever should be later.

Thereafter on May 15, 1939, Section 11663-1, General Code, was amended, to take effect, so far as this controversy is concerned, on August 19, 1939, the amendment providing that deficiency judgments as aforesaid should be unenforceable after the effective date of the act, and providing further in the last paragraph that the act should apply to "all actions and proceedings pending and all judgments existing at the effective date thereof."

On August 18, 1939, the Ohio Bureau of Credits, Inc., began, in the original foreclosure action, a proceeding to revive its judgment against the Headleys. A praecipe for summons was filed in the proceedings on the same day—August 18, 1939—and a summons thereunder was issued on August 19, 1939, and served on the Headleys on August 21, 1939.

The Headleys answered, and the question of the revivor of the judgment was submitted to the court upon the pleadings and proceedings of the court in the foreclosure suit, the statements of counsel, and the pleadings filed by the Ohio Bureau of Credits, Inc., in a separate action against the Headleys, which was denominated in the praecipe for summons in that action as an action "for a marshalling of liens and equitable relief," which suit was also begun on August 18, 1939, the summons therein being served on August 25, 1939.

The claim of the Headleys is that the judgment against them is a deficiency judgment, and that it became unenforceable on August 19, 1939, under the provisions of Section 11663-1, General Code, as enacted in 1937 and amended in 1939.

On behalf of the Ohio Bureau of Credits, Inc., it is claimed that the bringing of the action to marshal liens, in view of the express provisos of Section 11663-1, General Code, rendered the section inoperative as to this suit, and, if that be not true, then it claims that, as applied to this controversy, the section is unconstitutional.

With reference to the former claim, it is admitted that the real estate of the Headleys described in the petition to marshal liens, was not owned by them at the date of the judgment which is the basis of such action, and that no execution was ever issued on the judgment, and that no certificate of judgment had been filed at the time said suit was begun. The judgment in question had become dormant on April 26, 1937.

The time has not yet arrived when a certificate of judgment could be properly filed under the law, because no certificate could be properly filed upon a dormant judgment.

It is therefore apparent that said dormant judgment was not and never has been a lien upon the property described in the action to marshal liens or upon any real estate whatsoever, and the petition does not set forth any lien upon said real estate by any other person.

After a careful consideration of the petition in the action to marshal liens, in the light of the admitted and undisputed facts in this action, we are of the opinion that the action to marshal liens was not one within any of the exceptions mentioned in Section 11663-1, General Code, and that the bringing of that

action in no wise rendered the provisions of that section inoperative.

The constitutional question is based upon the claim that the owner of a judgment has a right to collect his judgment in any of the modes provided by law— such as by execution or proceedings in aid of execution, by action to marshal liens, or by a creditor's bill, when the facts warrant any of such actions, and to that end had the right to have his judgment revived, and that the Legislature is without power to deprive the owner of such right.

If such right be considered as a vested or substantive right, it is not an absolute and unlimited right; the Legislature has the power to regulate the exercise of such right and to limit the time within which it shall be exercised, and likewise the power to change such limitation, provided the law making such change allows a reasonable time after it becomes effective for the exercise of such right. *Smith* v. *New York Central Rd. Co.,* 122 Ohio St., 45, 170 N. E., 637.

The 90 days between the time the amended act was filed by the Governor in the office of the secretary of state, and the time the law went into effect, is to be taken into consideration on the question of reasonable time. *Smith* v. *New York Central Rd. Co., supra.*

Moreover, on this question it is proper in this case to consider Section 11663-1, General Code, not only as it was amended, but as it was before the amendment passed May 15, 1939, and also enactments of the Legislature adopted after the rendition of said judgment.

The right to collect the judgment accrued to the owner thereof on April 26, 1932, when the sale of said homestead was confirmed; and the owner made no effort to exercise such right.

Then the law requiring certification of judgments became effective on the 30th day of August, 1935, and

the owner failed to avail himself of the provisions of that law.

Then the law limiting the time for the enforcement of deficiency judgments (Section 11663-1, General Code) became effective on August 19, 1937, at which time said judgment was dormant, and the owner failed to make any effort to exercise such right during the two-year period allowed by such law for the exercise of such right, which law also provided that, in the event of such failure, the right to collect said judgment should cease.

The last-named law was amended as aforesaid, and, up to August 19, 1939, the effective date of the act so far as this suit is concerned, the owner had failed to make any appropriate effort to exercise his right to collect said judgment.

The law sets forth certain exceptions, which, by the terms of the act, are expressly excluded from the operation thereof, *but none of them are present in the instant case, and a proceeding to revive a judgment is not one of such exceptions.*

During all of the time from April 26, 1932, to and including August 19, 1939, none of the owners of said judgment attempted in any proper manner to exercise the right to collect said judgment.

We regard it as settled that the Legislature is primarily the judge of what is a reasonable time to allow for the exercise of the right to collect a judgment, and in this instance the owner of the judgment was allowed ample time; and we hold that the Legislature had the power, under the Constitution, to terminate such right on August 19, 1939.

For several years previous to August 19, 1939, said judgment had been dormant, and no effort had been made to revive the same.

A proceeding to revive a judgment is clearly remedial (*Bartol* v. *Eckert,* 50 Ohio St., 31, 33 N. E., 294),

and the right to invoke the remedy does not exist when there can be no right to collect the judgment.

In this case the judgment ceased to be enforceable on August 19, 1939, and the right of revivor ceased to be available on that date.

We hold that the Legislature had the constitutional power to deny to the owner of such judgment the right to revive the same, under the circumstances hereinbefore set forth, notwithstanding such owner began revivor proceedings on August 18, 1939, the day before the law became effective.

That the Legislature intended to do so is shown by the last paragraph of Section 11663-1, General Code, hereinbefore quoted, wherein it was stated that the act should apply to ''all actions and proceedings pending and all judgments existing at the effective date thereof.''

We find that the judgment here involved is a deficiency judgment within the meaning of Section 11663-1, General Code, and that the trial court did not err in refusing to revive it, or in enjoining the Ohio Bureau of Credits, Inc., from attempting to enforce it.

*Judgment affirmed.*

DOYLE and STEVENS, JJ., concur.