**The STATE of Ohio, Appellee,**

v.

**GARRETSON, Appellant.**

[Cite as *State v. Garretson* (2000), 140 Ohio App.3d 554.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. 99–10–123.

Decided June 30, 2000.

*Tim Oliver*, Warren County Prosecuting Attorney, and *Kenneth A. Ewing*, Assistant Prosecuting Attorney, for appellee.

*James N. Perry*, for appellant.

———————

THOMAS F. BRYANT, Judge.

This appeal is taken by defendant–appellant David A. Garretson from the judgment entered by the Court of Common Pleas of Warren County granting the state's motion to return Garretson to prison after he had been released by the Ohio Department of Rehabilitation and Corrections.

On September 22, 1997, David Garretson was indicted by the Warren County Grand Jury for one count of aggravated theft, a felony of the second degree. The indictment read:

"Count One

"Aggravated Theft

"* * * THE JURORS OF THE GRAND JURY of the State of Ohio, within and for the body of the County aforesaid, on their oaths, in the name and by the authority of the State of Ohio, do find and present that on or about the period of *July, 1993 thru the 30th day of June, 1996*, in the State of Ohio, County of Warren, the defendant, David A. Garretson,

"did with purpose to deprive the owner, to wit: Carrie Musgrove, of property or services, to wit: cash, knowingly obtain or exert control over either the property or services beyond the scope of the express or implied consent of the owner or person authorized to give consent, said offense a Felony of the 2nd degree in that the value of the property or services involved is over One Hundred Thousand Dollars ($100,000.00), contrary to and in violation of *Section 2913.02(A)(2)* of the Ohio Revised Code and against the peace and dignity of the State of Ohio."

Garretson entered a plea of no contest on January 27, 1998 pursuant to a plea agreement with the Warren County Prosecuting Attorney. On March 10, 1998, Garretson was sentenced to two years in prison and ordered to pay $60,000 in restitution. The sentencing entry read:

"On March 10, 1998, the Defendant appeared in Court with his attorney, Mr. Dave Chicarelli, to be sentenced for the following offense(s): *Aggravated theft in violation of § 2913.02(A)(2) of the Ohio Revised Code, a Felony of the 3rd degree.*

"* * *

"It is hereby ordered that *Defendant serve a term of Two (2) year(s) in prison, of which N/A years is a mandatory term pursuant to R.C. 2929.13(F), 2929.14(D)(3) or Chapter 2925.*

"* * *

"In addition, possible "Bad Time" is part of the maximum penalty for this/these offense/offenses. Therefore, additional prison time may be added to your sentence by the Parole Board for acts you commit while in prison that are a crime under Ohio or United States laws."

On appeal this court affirmed the conviction and increased the restitution amount to the full $423,000 that Garretson had taken from the victim. *State v. Garretson* (Dec. 7, 1998), Warren App. No. 98–03–023, unreported, 1998 WL 873004.

On July 9, 1999, the Ohio Department of Rehabilitation and Corrections released Garretson from prison pursuant to a Certificate of Expiration of Sentence. Garretson had served only sixteen months. Nearly seven weeks later, on August 30, 1999, the prosecutor filed in the trial court a "Motion for an Order to Return Defendant to Prison" claiming that Garretson had been released prematurely because the Ohio Department of Rehabilitation and Corrections had miscalculated his time spent in prison and had mistakenly given him good time credit under Ohio's old sentencing laws. The Ohio Department of Rehabilitation and Corrections has not been made a party to any of these proceedings. On September 17, 1999, Garretson filed a motion to dismiss the state's motion claiming that the trial court lacked jurisdiction to return him to prison.

On September 23, 1999, the Warren County Court of Common Pleas conducted a hearing on the motions. Garretson attended the hearing as a spectator. At the hearing the trial court granted the state's motion and ordered that Garretson be returned to prison to complete his two-year sentence. Garretson was arrested summarily and was returned to prison. On appeal from that order Garretson presents the following assignment of error:

"1. The trial court erred to the prejudice of the defendant-appellant in overruling his motion to dismiss the state's motion to return the defendant to prison for lack of jurisdiction and in granting the state's motion for an order to return the defendant-appellant to prison."

In support of his sole assignment of error Garretson argues that the trial court did not have jurisdiction to order his return to prison because his original sentence had expired. Therefore, Garretson claims the trial court should have granted the motion to dismiss.

To the contrary, the state argues that the Ohio Department of Rehabilitation and Corrections miscalculated Garretson's time spent in jail and released him

prematurely and, as a result, the trial court has jurisdiction to enforce its original sentencing entry. Specifically, the state maintains that Garretson's plea agreement amended the original indictment to charge that the offense occurred after July 1, 1996, thus making Ohio's new sentencing laws, commonly referred to as S.B. No. 2, applicable and rendering Garretson ineligible for "good time" credit.

Initially, this appeal turns on the subject matter jurisdiction of the court of common pleas to enter the order by which Garretson was returned to prison. Jurisdiction, broadly defined, is the "right and power to interpret and apply the law". The American Heritage Dictionary, Second College Edition (1982), 694. Subject matter jurisdiction focuses on the court as a forum and on the case as one of a class of cases, not on the particular facts of a case or the particular tribunal that hears the case. In the civil context, the standard applied to determine whether to dismiss a case for lack of subject matter jurisdiction is whether the plaintiff has alleged "any cause of action cognizable by the forum." *Avco Fin. Serv. Loan, Inc. v. Hale* (1987), 36 Ohio App.3d 65, 67, 520 N.E.2d 1378, 1380. In the criminal context, the proper inquiry likewise centers on what is the proper forum to hear the type of case in question, i.e., municipal or common pleas, court of general jurisdiction or juvenile court if, of course, there is a proper forum at all. See, *e.g.*, *State v. Nelson* (1977), 51 Ohio App.2d 31, 5 O.O.3d 158, 365 N.E.2d 1268; *State v. Wilson,* 73 Ohio St.3d 40, 652 N.E.2d 196.

It is well settled that a court has the inherent power and authority to enforce its own judgments. 40 Ohio Jurisprudence 3d (1982) Enforcement of Judgments, Section 1. However, it is similarly well acknowledged that this power is not absolute and the General Assembly has the authority to regulate implementation of this power to ensure it is not abused. *Wayne Bldg. & Loan Co. v. Headley,* 64 Ohio App. 355, 18 O.O. 146, 28 N.E.2d 649.

Under the laws of Ohio the trial court in a criminal case is given the power to carry into execution the sentence or judgment that it has pronounced upon the defendant. Such authority is governed by R.C. 2949.05. R.C. 2949.05 provides:

"In no appeal is filed, if leave to file an appeal or certification of a case is denied, if the judgment of the trial court is affirmed on appeal, or if post-conviction relief under section 2953.21 of the Revised Code is denied, the trial court or magistrate shall carry into execution the sentence or judgment which had been pronounced against the defendant."

Once the trial court has carried into execution a valid sentence as authorized above, it may no longer amend or modify that sentence. *State v. Addison* (1987), 40 Ohio App.3d 7, 530 N.E.2d 1335; *In re Zilba* (1996), 110 Ohio App.3d 258, 673 N.E.2d 997; *Brook Park v. Necak* (1986), 30 Ohio App.3d 118, 30

OBR 218, 506 N.E.2d 936; *State v. Ballard* (1991), 77 Ohio App.3d 595, 602 N.E.2d 1234. In *Columbus v. Messer* (1982), 7 Ohio App.3d 266, 7 OBR 347, 455 N.E.2d 519, the Court of Appeals for Franklin County addressed the question of exactly when the execution of the sentence has begun: "Where the full sentence involves imprisonment, the *execution of the sentence is commenced when the defendant is delivered from the temporary detention facility of the judicial branch to the penal institution of the executive branch.*" (Emphasis added.) As a result, a trial court does not have jurisdiction to modify a valid sentence of imprisonment once imprisonment has begun. Should a trial court retain jurisdiction to modify an otherwise valid sentence "the defendant would have no assurance about the punishment's finality." *Brook Park v. Necak* (1986), 30 Ohio App.3d 118, 120, 30 OBR 218, 220, 506 N.E.2d 936, 938.

A trial court may retain jurisdiction under two narrow rules. First, a trial court does have the authority to correct *void* sentencing orders. A sentence is rendered void when there is an attempt by the court "to disregard statutory requirements when imposing a sentence." *State v. Beasley* (1984), 14 Ohio St.3d 74, 75, 14 OBR 511, 512, 471 N.E.2d 774, 775.

Second, the trial court may correct clerical mistakes made in judgments or orders at any time. The Rules of Criminal Procedure allow the trial court to correct clerical errors made on the record at any time. Crim.R. 36 reads:

"Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."

The phrase "clerical mistake" describes "the type of error identified with mistakes in transcription, or omission of any papers and documents." *Dentsply Internl., Inc. v. Kostas* (1985), 26 Ohio App.3d 116, 118, 26 OBR 327, 328, 498 N.E.2d 1079, 1081.[1] The power to correct clerical errors is a narrow one that may not be manipulated to grant a trial court omnipotent jurisdiction while ignoring the mandates of the General Assembly. *State v. Hawk* (1992), 81 Ohio App.3d 296, 610 N.E.2d 1082; *Menti v. Joy* (Oct. 20, 1994), Cuyhoga App. No. 65706, 1994 WL 581524.

---

1. Civil courts and criminal courts have recognized that the language used by Civ.R. 60(b) and Crim.R. 36 is similar and has similar meaning. In *Menti v. Joy* (Oct. 20, 1994), Cuyahoga App. No. 65706, unreported, 1994 WL 581524, the court of appeals compares Civ.R. 60(B) language "clerical mistake" and the nearly identical Crim.R. 36 language. It cites criminal authority to bolster its opinion regarding the jurisdiction of the civil court stating, "The Summit County Court of Appeals recently criticized precisely such manipulation of the record in a case involving the substantially identical Crim.R. 36 provision governing the correction of clerical mistakes in criminal cases."

 The record reveals that Garretson was sentenced to be incarcerated with the Ohio Department of Rehabilitation and Corrections for a period of two years. Garretson was delivered to the permanent detention facility on March 11, 1998 without credit given for time already served. The Ohio Department of Rehabilitation and Corrections issued an order releasing Garretson from prison on July 9, 1999, eight months short of a two-year time span. Garretson argues that eight months was credited to Garretson's sentence as "good time". However, the motivation for Garretson's release is neither contained in the record before us nor relevant to the question of jurisdiction that is the focus of this appeal. Seven weeks after his release he was ordered back into jail to serve those eight months for which he had earlier been given credit by the Ohio Department of Rehabilitation and Corrections.

If the trial court's original sentencing order was valid, when Garretson was delivered to the permanent detention facility the authority of the judicial branch over Garretson's sentence ended. Thereafter the trial court had no authority in the motion proceeding before it to order that Garretson be returned to prison to serve an additional eight months.

Thus, this court must first determine if the sentence as entered was void or valid. The record reveals that Garretson pled no contest to one count of an amended indictment for aggravated theft, a violation of R.C. 2913.02(A)(2). Under R.C. 2929.14(A), the penalty for a third degree felony committed after July 1, 1996, "shall be one, two, three, four or five years." Garretson might thus correctly be sentenced to a definite term of two years in which event the trial court did not violate its statutory authority and the sentencing order is not void.

Therefore, upon thorough review of the record and the applicable law this court finds that the sentence originally imposed upon Garretson's was a valid one and thus, after Garretson's confinement to prison the trial court was without continuing jurisdiction to alter the sentence or take further action upon it, upon execution of the sentence, jurisdiction was transferred to the penal institution of the executive branch. Accordingly, Garretson's sole assignment of error is sustained, the order of the Court of Common Pleas of Warren County is vacated and Garretson is entitled to immediate release.

*Appeal vacated.*

HADLEY, P.J., and SHAW, J., concur.

HADLEY, P.J., THOMAS F. BRYANT and SHAW, JJ., of the Third Appellate Judicial District, sitting by assignment in the Twelfth Appellate Judicial District.