This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Rhett Neville, appeals from a Wayne County Municipal Court order that changed the effective date of Defendant's drivers license suspension. We reverse.
{¶ 2} On April 20, 1998, Defendant was sentenced by the Wayne County Municipal Court for driving under suspension. Defendant's license was suspended for a term of one year. The suspension was delayed, and ordered to run from January 18, 2006, through January 18, 2007. The court's intention was to run the suspension consecutively with Defendant's prior license suspension in Holmes County. In the early months of the year 2000, the remaining time of Defendant's license suspension in Holmes County was terminated. The trial court then entered another journal entry on March 29, 2001, which accelerated the commencement of Defendant's Wayne County license suspension to April 1, 2001. The suspension was to run through April 1, 2002.
{¶ 3} On April 30, 2001, Defendant filed a notice of appeal pertaining to Case No. 01CA0027. The trial court granted a stay of execution on May 2, 2001. On July 27, 2001, this Court dismissed Defendant's appeal. In a journal entry dated January 10, 2002, the trial court vacated the stay of execution of the sentence and ordered it to commence on January 18, 2002. Defendant timely appeals, raising two assignments of error for review.
 ASSIGNMENT OF ERROR I {¶ 4} "The trial court lacked jurisdiction to modify [Defendant's] license suspension post-sentence."
{¶ 5} In his first assignment of error, Defendant challenges the jurisdiction of the trial court to modify his sentence post-execution. Specifically, Defendant avers that the trial court's actions essentially modified his sentence and, absent a mandate from the Court of Appeals upon dismissal, was done without the proper authority. We agree.
{¶ 6} As a preliminary matter, we note that R.C. 2949.05 provides "if leave to file an appeal or certification of a case is denied, [or] if the judgment of the trial court is affirmed on appeal, * * * the trial court * * * shall carry into execution the sentence of judgment which had been pronounced against the defendant." Furthermore, once a trial court has carried into execution a valid sentence, it may no longer amend or modify the sentence except as provided by the legislature. State v.Garretson (2000), 140 Ohio App.3d 554, 558, citing State v. Addison
(1987), 40 Ohio App.3d 7, 9. See, also, In re Zilba (1996),110 Ohio App.3d 258, 261. Once execution of a sentence begins, however, the trial court may not modify a sentence by increasing "the severity of the punishment by amending the original sentence." State v. Elliott
(1993), 86 Ohio App.3d 792, 797, citing State v. Greulich (1988),61 Ohio App.3d 22, 26. If the trial court were able to modify an otherwise valid sentence "the defendant would have no assurance about the punishment's finality." Brook Park v. Necak (1986), 30 Ohio App.3d 118,120.
{¶ 7} However, a trial court has jurisdiction to modify a sentence to correct void sentencing orders and to correct clerical mistakes.Garretson, 140 Ohio App.3d at 559; Crim.R. 36. See State v. Beasley
(1984), 14 Ohio St.3d 74, 75. Void sentencing orders occur when there is an attempt by the court "to disregard statutory requirements when imposing a sentence." Beasley, 14 Ohio St.3d at 75. Clerical mistakes are defined as "the type of error identified with mistakes in transcription, or omission of any paper and documents." Garretson,140 Ohio App.3d at 559, citing Dentsply Internatl., Inc. v. Kostas (1985), 26 Ohio App.3d 116,118.
{¶ 8} In this case, Defendant avers that the trial court improperly modified his sentence by changing the date upon which the suspension would begin to run and thus failed to give Defendant appropriate credit for time previously served. We agree since this in essence increased Defendant's suspension.
{¶ 9} Defendant's original suspension, which was journalized as January 18, 2006 through January 18, 2007, was not executed. In a journal entry dated March 29, 2001, the trial court accelerated the commencement of Defendant's sentence. Defendant's new license suspension was set to begin on April 1, 2001 and continue until April 1, 2002. This sentence was executed. Thereafter, the trial court, in a journal entry dated January 10, 2002, sought to modify Defendant's sentence and impose a full year license suspension with a January 18, 2002 start date. In light of our discussion above, this January 10, 2002 journal entry is void.
{¶ 10} The modification of a sentence after it has been executed, absent one of the two exceptions, is an improper modification of a defendant's sentence. A trial court does not have jurisdiction to modify a sentence once it has been executed unless it is done to correct a void sentencing order or a clerical mistake. Garretson,140 Ohio App.3d at 559. As there is no indication in the record that Defendant's sentence was modified to correct a void sentencing order or a clerical mistake, the trial court lacked the jurisdiction to modify the suspension commencement date after it was executed on April 1, 2001. See Id. Accordingly, Defendant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II {¶ 11} "A stay of execution pending appeal is terminated by operation of law upon the dismissal of an appeal."
{¶ 12} In light of our disposition in assignment of error one, we need not address assignment of error two, as this assignment of error is now rendered moot. See App.R. 12(A)(1)(c).
{¶ 13} Defendant's first assignment of error is sustained and his second assignment of error is not addressed. The order of the Wayne County Municipal Court is reversed and remanded with instructions that the Wayne County Municipal Court determine the appropriate credit for time of suspension.
CARR, J., WHITMORE, J. CONCUR.