OPINION
{¶ 1} In this accelerated calendar case, appellant, Joanne Longmire, appeals from the decision of the Portage County Court of Common Pleas, denying her motion to modify her sentence. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} By way of background, in 1996, appellant was indicted by the Portage County Grand Jury on one count of felonious assault, a felony of the second degree, in violation of R.C. 2903.11. The matter proceeded to a bench trial, and on March 10, 1997, the trial court found appellant guilty of felonious assault. A few days later, on March 13, 1997, appellant was sentenced to a definite five-year prison term to be served consecutively to any other sentence appellant was serving at that time.
 {¶ 3} From this judgment, appellant instituted a direct appeal challenging her conviction on the basis that it was against the manifest weight of the evidence. Upon consideration, this court affirmed the judgment of the trial court in State v. Longmire (Mar. 27, 1998), 11th Dist. No. 97-P-0032, 1998 WL 156895.
 {¶ 4} Then, on January 2, 2001, appellant filed a pro se motion for sentence modification, requesting that the trial court amend her prison term from consecutive to concurrent sentences in light of mitigating factors which developed while appellant was incarcerated. To support her motion for sentence modification, appellant attached a variety of exhibits, including certificates for completing a course in preparation for her GED, educational seminars, and behavior modification programs. Appellant also submitted the following list of mitigating factors, which developed while appellant was incarcerated, to support the modification of her prison term from consecutive to concurrent sentences: (1) appellant's mother was seventy-two years old and in poor health; (2) appellant's behavior and application while incarcerated; (3) appellant's first grandchild was born; (4) appellant wished to become a law abiding and productive citizen; (5) appellant was currently participating in a behavior modification and a drug treatment program; (6) appellant was seeking additional drug rehabilitation and has focused on anger management problems while incarcerated; and (7) appellant accepted and respected the trial court's decision in her case.
 {¶ 5} In a judgment entry dated January 5, 2001, the trial court denied appellant's motion for sentence modification. It is from this judgment, appellant now appeals, submitting a single assignment of error for our consideration:
 {¶ 6} "The trial court erred to the prejudice of the defendant-appellant when it imposed consecutive sentences on defendant-appellant in contravention to Ohio Revised Code Section2929.14(E)(4)."
 {¶ 7} In her lone assignment of error, appellant maintains that the trial court failed to consider the factors contained in R.C. 2929.12
and R.C. 2929.14 when it denied her motion for sentence modification. According to appellant, the chance of recidivism has been greatly diminished because she has undergone treatment and counseling while incarcerated.
 {¶ 8} The state counters, in part, by arguing that the issue of whether the trial court properly imposed consecutive sentences is barred by the doctrine of res judicata. Given that appellant failed to challenge her sentence on direct appeal, the state submits that appellant is now precluded from raising this issue in the instant matter.[1]
 {¶ 9} "The doctrine of res judicata establishes that `a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could havebeen raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.'" (Emphasis added.)State v. D'Ambrosio (1995), 73 Ohio St.3d 141, 143, quoting State v.Perry (1967), 10 Ohio St.2d 175, 180.
 {¶ 10} In her direct appeal, appellant failed to raise the issue concerning the imposition of consecutive sentences. Appellant, however, could not have brought the argument concerning the modification of her sentence on direct appeal. In support of her motion to modify her sentence, appellant relied on circumstances which occurred subsequent to her direct appeal, such as participating in drug treatment and behavior modification programs while incarcerated. As a result, appellant could not have raised the issue of sentence modification in her direct appeal. For these reasons, the doctrine of res judicata is not applicable to the instant matter.
 {¶ 11} Our inquiry, however, does not end here. While neither party raised the issue of whether the trial court had jurisdiction to consider appellant's motion for sentence modification, we believe that this issue is determinative to the outcome of this appeal.
 {¶ 12} Pursuant to R.C. 2949.05, a trial court has the authority to carry into execution the sentence it had imposed upon a defendant:
 {¶ 13} "If no appeal is filed, if leave to file an appeal or certification of a case is denied, if the judgment of the trial court is affirmed on appeal, or if post-conviction relief under section 2953.21 of the Revised Code is denied, the trial court or magistrate shall carry into execution the sentence or judgment which had been pronounced against the defendant."
 {¶ 14} "[An inmate] has no inherent or constitutional right to be released prior to the expiration of his sentence." Rollins v. Haviland
(2001), 93 Ohio St.3d 590. Once a trial court has carried into execution a valid sentence, the court no longer has the power to modify that sentence absent statutory authority to do so. State v. Garretson (2000),140 Ohio App.3d 554, 558; In re Zilba (1996), 110 Ohio App.3d 258,261-262; State v. Addison (1987), 40 Ohio App.3d 7, syllabus; State v.Neville, 9th Dist. No. 02CA0001, 2002-Ohio-5422, at ¶ 6. "`Where the full sentence involves imprisonment, the execution of the sentence is commenced when the defendant is delivered from the temporary detention facility of the judicial branch to the penal institution of the executive branch.'" Garretson at 559, quoting Columbus v. Messer (1982),7 Ohio App.3d 266.
 {¶ 15} Accordingly, "a trial court does not have jurisdiction to modify a valid sentence of imprisonment once imprisonment has begun. Should a trial court retain jurisdiction to modify an otherwise valid sentence `the defendant would have no assurance about the punishment's finality.'" Garretson at 559, quoting Brook Park v. Necak (1986),30 Ohio App.3d 118, 120. See, also, Neville at ¶ 6.
 {¶ 16} A trial court, however, retains jurisdiction to modify a sentence to correct a void sentencing order or a clerical mistake.Garretson at 559; State v. Beasley (1984), 14 Ohio St.3d 74, 75-76;Neville at ¶ 7. "A sentence is rendered void when there is an attempt by the court `to disregard statutory requirements when imposing a sentence.'" Garretson at 559, quoting Beasley at 75. Clerical mistakes are defined as "`the type of error identified with mistakes in transcription, or omission of any papers and documents.'" Garretson at 559, quoting Dentsply Internl., Inc. v. Kostas (1985), 26 Ohio App.3d 116,118.
 {¶ 17} In her motion for sentence modification, appellant requested the trial court to amend her prison term from consecutive to concurrent sentences based on appellant's behavior in prison. Appellant did not allege that her March 1997 sentence had to be modified to correct a void sentencing order or a clerical mistake. As such, the trial court lacked jurisdiction to entertain appellant's motion for sentence modification.
 {¶ 18} Based on the foregoing analysis, appellant's lone assignment of error is without merit, and the judgment of the trial court is affirmed.
WILLIAM M. O'NEILL, P.J., and DIANE V. GRENDELL, J., concur.
[1] Contrary to the state's contention, appellant supplemented the record with the transcript of the March 13, 1997 sentencing hearing.