DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Randall L. Harrold has appealed from a decision of the Summit County Court of Common Pleas that convicted him of rape, gross sexual imposition, and pandering sexually oriented matter involving a minor. This Court vacates the judgment of the trial court.
 I {¶ 2} On October 27, 2000, Appellant was indicted by the Summit County Grand Jury on one count of rape, in violation of R.C. 2907.02(A)(2); two counts of rape, in violation of R.C. 2907.02(A)(1)(b); one count of pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(1); one count of pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(1); two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4); and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(1). The victim of Appellant's crimes was thirteen years old.
 {¶ 3} Appellant initially pleaded not guilty to the crimes as charged in the indictment. However, pursuant to a plea agreement, Appellant changed his plea and pleaded guilty to one count of rape, a violation of R.C. 2907.02(A)(1)(b); one count of pandering sexually oriented matter involving a minor, a violation of R.C. 2907.322(A)(1); and one count of gross sexual imposition, a violation of R.C. 2907.05(A)(4). The remaining counts were dismissed.
 {¶ 4} On March 2, 2001, the trial court sentenced Appellant to a definite term of nine years incarceration for the rape charge; three years incarceration for the charge of pandering sexually oriented matter involving a minor; and three years incarceration for the gross sexual imposition charge. The trial court further ordered the sentences for the crimes of gross sexual imposition and pandering sexually oriented matter involving a minor to be served concurrently, and both sentences were ordered to be served consecutive to his sentence for rape. Appellant was also adjudicated a sexual predator.
 {¶ 5} On October 17, 2001, the trial court entered an order, whereby it acknowledged that Appellant's trial counsel verbally advised an officer of the court that Appellant wanted to appeal his sentence as well as his sexual predator adjudication. However, through inadvertence, this information was not conveyed to the trial judge and no attorney was appointed to Appellant for purposes of appeal. As a result of the trial court's failure to appoint appellate counsel, trial counsel orally moved to re-sentence Appellant. The trial court, pursuant to the Ohio Supreme Court's holding in State v. Gover (1995), 71 Ohio St.3d 577, treated the oral motion for re-sentencing as a petition for post-conviction relief under R.C. 2953.21. The trial court explained that "[t]he appropriate avenue for relief is to vacate the prior judgment and re-impose judgment against [Appellant], with the result of reinstating the time under which [Appellant] may file a notice of appeal pursuant to App.R.4(A)." The trial court then appointed appellate counsel to file a petition for post-conviction relief on Appellant's behalf; counsel was instructed to move the court to vacate the prior judgment and re-impose judgment so that the appeal time could commence running pursuant to App.R.4(A).
 {¶ 6} Pursuant to the trial court's October 17, 2001 order, appellate counsel filed a petition for post-conviction relief, whereby he moved the court "for an order vacating the judgment of conviction in the above-captioned cause pursuant to R.C. 2953.21 and to this Court's order of October 17, 2001, on the grounds that [Appellant] was denied his due process right to appeal and the effective assistance of counsel on appeal." The trial court, on January 16, 2002, held that "[p]ursuant toGover, the Court vacates the prior judgment against [Appellant], with the result of re-instating the time under which [Appellant] may filed a notice of appeal." Appellant filed a timely appeal to this Court, asserting two assignments of error.
 {¶ 7} On appeal, Appellant argued that the trial court erred in ordering his sentences to run consecutively. In a decision dated November 13, 2002, this Court affirmed the trial court's decision. We concluded that the trial court's sentencing decision was not erroneous because it properly made the requisite findings and reasons for imposing consecutive sentences within its journal entry in accordance with our prior decision in State v. Riggs (Oct. 11, 2000), 9th Dist. No. 19846. Despite our decision affirming the trial court's decision, and for some reason that is not clear from the record at hand, on October 17, 2003, the trial court re-sentenced Appellant for the crimes as charged in the October 27, 2000 indictment.[1] As the trial court had previously decided in its March 2, 2001 order, Appellant was sentenced to a definite term of nine years incarceration for the crime of rape, and a definite term of three years incarceration for each count of pandering sexually oriented matter involving a minor and gross sexual imposition. The sentences for pandering sexually oriented matter involving a minor and gross sexual imposition were ordered to run concurrent to each other, but consecutive to the sentence imposed for rape.
 {¶ 8} Appellant has timely appealed the trial court's October 17, 2003 order re-imposing sentence. Appellant has asserted two assignments of error, which we have consolidated to facilitate review.
 II Assignment of Error Number One
"The trial court erred when it ignored or discounted appellant's statement of remorse. When it imposed consecutive sentences upon him."
 Assignment of Error Number Two
"The trial court erred when it ignored or discounted appellant's statement of remorse when it imposed upon him a greater-than-minimum sentence."
 {¶ 9} In Appellant's first and second assignments of error, he has argued that the trial court erred when it failed to consider his statements of remorse when it sentenced him to greater than the minimum and consecutive sentences for the crimes of rape, gross sexual imposition, and pandering sexually oriented matter involving a minor. For the reasons that follow, we reject Appellant's arguments.
 {¶ 10} After reviewing the record, this Court, sua sponte, addresses the trial court's jurisdiction to re-sentence Appellant for the crimes as charged in the indictment. The trial court originally sentenced Appellant for rape, pandering sexually oriented material involving a minor and gross sexual imposition on March 2, 2001. Appellant appealed the trial court's sentencing decision on June 14, 2002, and this Court affirmed the trial court's decision on November 13, 2002. Based on the general rule that "Ohio courts have no authority to reconsider their own valid final judgments in criminal cases," this Court finds that the trial court did not have the authority or jurisdiction to re-sentence Appellant after this Court rendered a decision upholding the validity of the trial court's sentencing decision. Brook Park v. Necak (1986),30 Ohio App.3d 118, 120; see, also, State v. Garretson (2000),140 Ohio App.3d 554, appeal allowed (2000), 90 Ohio St.3d 1451.
 {¶ 11} In Garretson, the defendant was charged with aggravated theft, to which he pleaded guilty. The defendant was sentenced to two years imprisonment and ordered to pay $60,000 in restitution. The defendant appealed the trial court's sentencing decision and the appellate court affirmed and increased the restitution amount to the full $423,000 that the defendant had taken from the victim. After serving sixteen months of his prison term, the defendant was released from prison pursuant to a Certificate of Expiration of Sentence. In response to the defendant's release, the prosecuting attorney filed a "Motion for an Order to Return Defendant to Prison," in which the prosecutor argued that the defendant had been released from prison prematurely because the Ohio Department of Rehabilitation and Corrections had miscalculated his time spent in prison and had mistakenly given him good time credit under Ohio's old sentencing laws. The trial court granted the state's motion and ordered the defendant returned to prison to complete his two-year sentence. The defendant appealed the trial court's decision.
 {¶ 12} On appeal, the defendant argued that the trial court lacked jurisdiction to return him to prison because the original sentence had expired. In reviewing the merits of the defendant's arguments, the appellate court explained that "[o]nce the trial court has carried into execution a valid sentence as authorized [pursuant to R.C. 2949.05], it may no longer amend or modify that sentence." (Alterations added.)Garretson, 140 Ohio App.3d at 558, citing State v. Addison (1987),40 Ohio App.3d 7.[2] The court further explained that the execution of a sentence begins when "the defendant is delivered from the temporary detention facility of the judicial branch to the penal institution of the executive branch." (Emphasis omitted.) Id. at 559. Consequently, a trial court does not have jurisdiction to modify a valid sentence of imprisonment once imprisonment has commenced. Id.
 {¶ 13} The appellate court in Garretson further found that the sentence as ordered was valid because the trial court did not violate its statutory authority when it sentenced Appellant for aggravated theft, a third degree felony. In light of the valid sentencing order and the defendant's subsequent confinement to prison, the appellate court held that the trial court "was without continuing jurisdiction to alter the sentence or take further action upon it" once jurisdiction was transferred to the penal institution of the executive branch. Garretson,140 Ohio App.3d at 560. The court vacated the trial court's order and ordered the defendant released from prison. Id.
 {¶ 14} Here, Appellant was sentenced by the trial court and he appealed the trial court's decision. However, on appeal this Court did not vacate the trial court's sentencing decision, but affirmed it. Thus, the journal entry of conviction dated March 2, 2001, was a valid and binding order once this Court affirmed it on appeal. Because the sentencing order was valid and Appellant was transferred to "the penal institution of the executive branch,"[3] as was the defendant in Garretson, we find that the trial did not have the authority to re-sentence Appellant.Garretson, 140 Ohio App.3d at 559. Once execution of Appellant's sentence commenced, the trial court was without continuing jurisdiction to alter the sentence or take further action upon it.
 {¶ 15} Because the trial court did not have the authority or jurisdiction to re-sentence Appellant, the journal entry from which Appellant has appealed is void and is a nullity. See Rondy v. Rondy
(1983), 13 Ohio App.3d 19, 22 (holding that "[a] judgment is void only where the court lacks jurisdiction of the subject matter or of the parties or where the court acts in a manner contrary to due process."). As Appellant has appealed from a void judgment, this Court declines to review the merits of his case. Consequently, Appellant's first and second assignments of error are not well taken.
 III {¶ 16} We decline to address Appellant's assignments of error. The October 17, 2003 judgment of the trial court is vacated and the trial court's judgment entry of conviction and sentencing, dated March 2, 2001, remains the order of the court.
Judgment vacated.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to the parties equally.
Exceptions.
Baird, J., Batchelder, J., concur.
[1] This Court surmises that the trial court re-sentenced Appellant as a result of the Ohio Supreme Court's recent decision in State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165. Assuming the trial court was attempting to comply with the dictates of Comer, it did not have the authority to do so. In Wallace v. State, 11th Dist. No. 2004-T-0008, 2004-Ohio-2596, the Eleventh District Appellate Court explained that:
"In considering the issue of the retroactive application of new case law, the Supreme Court of Ohio has stated any judicial alteration of a criminal rule of law must be applied to any case which is still pending in our state court system. * * * However, once a conviction has become `final' because the defendant can no longer pursue any appellate remedy, any new case law cannot be applied retroactively even if it would be relevant to the facts of his case." (Citations omitted.) Wallace,
2004-Ohio-2596, at ¶ 5, quoting Olds v. State, 11th Dist. No. 2003-A-0129, 2004-Ohio-1848, at ¶ 3.
Pursuant to Wallace, in order to have a trial court comply with the dictates of Comer in sentencing a defendant, the defendant must show that at the time the Comer decision was rendered in August 2003, he had an appeal pending before an appellate court or the Supreme Court. See, also,Olds, 2004-Ohio-1848, at ¶ 5. The record reveals that at the time Comer
was decided, Appellant did not have an appeal pending before this Court or the Ohio Supreme Court. Therefore, the trial court's March 2, 2001, sentencing decision could not be affected by the decision in Comer.
[2] The court described two exceptions to the general rule that a trial court does not have jurisdiction to modify or amend a valid sentence: 1) a trial court has the authority to correct void sentencing orders; and 2) a trial court may correct clerical mistakes made in judgments or orders at any time. Garretson, 140 Ohio App.3d at 559.
[3] At the time of the re-sentencing hearing, Appellant was incarcerated at the Hocking Correctional Facility, in Nelsonville, Ohio.