DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Fulton County Court of Common Pleas that sentenced appellant to four years incarceration on his conviction of one count of illegal manufacture of drugs and three years of mandatory post-release control. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appellant sets forth a single assignment of error: *Page 2 
 {¶ 3} "The trial court erred by resentencing Mr. Bloomer pursuant to an `after-the-fact' hearing in violation of his right to due process and his right to be free from double jeopardy and ex post facto legislation. U.S. Const. Art. I, § 10, Fifth and Fourteenth Amendments to the U.S. Const.; R.C. 2953.08."
 {¶ 4} Appellant was convicted of one count of illegal manufacture of drugs in violation of R.C. 2925.04(A), a second-degree felony, after entering a plea of guilty to the charge. On November 22, 2002, the trial court sentenced appellant to four years incarceration. The mandatory three-year period of post-release control for a conviction of a second-degree felony was set forth in the "Notice pursuant to R.C. 2929.19(B)(3)" and on the plea form, both of which appellant signed, but the trial court did not address the issue of post-release control in its sentencing entry. Accordingly, upon the state's motion, a resentencing hearing was held on May 23, 2006, before appellant completed his sentence. The hearing was held in order to notify appellant that he would be subject to post-release control upon his release from prison. Appellant's sentence was not modified in any other respect.
 {¶ 5} Appellant argues that the trial court's "after-the-fact" resentencing violated his right to due process and subjected him to double jeopardy.
 {¶ 6} While a trial court lacks authority to reconsider its own valid final judgment in a criminal case, State ex rel. White v. Junkin (1997),80 Ohio St.3d 335, 338, this rule is subject to two narrow exceptions which provide the trial court with continuing jurisdiction. State v.Garretson (2000), 140 Ohio App.3d 554, 559. First, a trial court *Page 3 
can correct clerical errors in judgments. Id., citing Crim.R. 36. Second, a trial court may correct a void sentencing order. Id., citingState v. Beasley (1984), 14 Ohio St.3d 74, 75. The case before us falls within the second exception.
 {¶ 7} As noted above, the trial court did not impose the mandatory three-year term of post-release control required by R.C. 2967.28(B)(2) for a second-degree felony conviction. Therefore, appellant's sentence was void. "Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." Beasley, 14 Ohio St.3d at 75. Further, the Supreme Court of Ohio has held that "where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant." State v. Cruzado, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 20, citing State v. Jordan, 104 Ohio St.3d 21, 2004-6085, ¶ 23. Resentencing would not be an option in this case if appellant's journalized sentence had expired by the time the omission was discovered. Cruzado, ¶ 22, citing Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126. But because appellant's sentence had not been completed when he was resentenced, the trial court was authorized to correct the invalid sentence to include the appropriate mandatory term of post-release control. Cruzado, supra, ¶ 28.
 {¶ 8} The Supreme Court noted in Cruzado at ¶ 20 that, following its decision in Hernandez, supra, "the General Assembly amended R.C. 2967.28
to provide that when a trial court imposes a sentence that should include a mandatory term of post release control after the July 11, 2006 effective date of the amendment, `the failure of a *Page 4 
sentencing court to notify the offender * * * of this requirement or to include in the judgment of conviction entered on the journal a statement that the offender's sentence includes this requirement does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under this division.'" R.C. 2967.28(B).Cruzado continues: "For those cases in which an offender was sentenced before the July 11, 2006 amendment and was not notified of mandatory post release control or in which there was not a statement regarding post release control in the court's journal or sentence, R.C. 2929.191
authorizes the sentencing court — before the offender is released from prison — to `prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison.'"
 {¶ 9} Appellant herein was sentenced before July 11, 2006. It is clear that the trial court in this case followed the procedure set forth in R.C. 2929.191 and acknowledged in Cruzado, supra. Further, contrary to appellant's claim, a trial court's correction of a statutorily incorrect sentence does not violate an appellant's right to be free from double jeopardy. Beasley, supra at 76.
 {¶ 10} Based on the foregoing, we find that the trial court was authorized to correct appellant's invalid sentence that had not expired and, accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 11} On consideration whereof, the judgment of the Fulton County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant *Page 5 
to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., and Thomas J. Osowik, J., concur. *Page 1