{¶ 23} While joining the majority in its abhorrence of the cruelty evinced by Mr. Whitlow's acts, I unfortunately cannot join in its rejection of his assignment of error. I believe the misdemeanor sentencing structure, combined with the limitations inherent on the jurisdiction of our courts, renders that part of his sentence to which he objects a nullity.
 {¶ 24} Mr. Whitlow pleaded guilty to two first degree misdemeanors. Generally, first degree misdemeanors are subject to an assortment of punishments. A trial court may impose community control sanctions, R.C.2929.25(A)(1)(a); it may impose a combination of a jail term and community control sanctions, R.C. 2929.25(A)(1)(b); it *Page 8 
may impose a jail term, alone. See, e.g., R.C. 2929.24(A). In this case, the trial court imposed consecutive sentences of one hundred eighty days on Mr. Whitlow: the maximum jail terms allowed for first degree misdemeanors. R.C. 2929.24(A)(1).
 {¶ 25} The General Assembly has provided additional penalties for violation of the animal cruelty laws, at R.C. 959.99. In banning Mr. Whitlow from owning or caring for pets for the rest of his life, the trial court relied on R.C. 959.99(E)(3)(a), which provides that, when an offender is found guilty of violating R.C. 959.131, "[t]he court * * * may prohibit or place limitations on the [offender's] ability to own or care for any companion animals for a specified or indefinite period of time." This provision appears, at first blush, to support the lifetime ban imposed by the trial court on Mr. Whitlow, as there is no time period more specific than life itself.
 {¶ 26} However, it is well-recognized that "[c]riminal jurisdiction ends upon the defendant's release from incarceration, probation or parole, whichever event occurs last." State v. Nye (June 4, 1996), 10th Dist. No. 95APA11-1490, 1996 Ohio App. LEXIS 2314, at 7. The end of jurisdiction defeats any further attempt to punish for crimes already sanctioned. Cf. id. R.C. 959.99(E)(3)(a) has no enforcement mechanism. Consequently, reading it in pari materia with the laws controlling jail terms and community control sanctions for misdemeanants, I am forced to the conclusion that any prohibition on owning or caring for companion animals cannot exceed the period for the incarceration and/or community controls placed on an offender, since, once that period expires, the trial court's jurisdiction to punish for failure to abide by the prohibition expires. *Page 9 
 {¶ 27} In this case, the trial court imposed consecutive, maximum jail terms on Mr. Whitlow for his misdemeanors. Its power to impose sanctions for the prohibition on owning or caring for pets is exhausted at the end of that period.
 {¶ 28} A misdemeanor sentence violating statutory limitations is a nullity, or void. Cf. State v. Beasley (1984), 14 Ohio St.3d 74, 75. I would deem the lifetime ban on Mr. Whitlow owning or caring for pets to be void, reverse or vacate that portion of his sentence, and remand this matter to the trial court for entry of a corrected sentencing order. Cf.State v. Garretson (2000), 140 Ohio App.3d 554, 559.
 {¶ 29} I respectfully dissent. *Page 1