JOURNAL ENTRY AND OPINION
{¶ 1} On October 30, 2008, the petitioner, Myron Spears, commenced this prohibition action against the respondent, Judge Janet Burnside, to prohibit her from increasing his sentence from ten years to eleven years. On November 19, 2008, the State of Ohio, through the Cuyahoga County Prosecutor, filed a motion to dismiss and a motion for summary judgment. Spears never filed a brief in opposition. For the following reasons, this court grants the motion for summary judgment, denies the motion to dismiss as moot, and denies the petition for a writ of prohibition.
 {¶ 2} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, *Page 3 
(2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law.[1] Furthermore, if a petitioner had an adequate remedy, relief in prohibition is precluded, even if the remedy was not used.[2] Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction.[3]
"The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction."[4] Furthermore, it should be used with great caution and not issue in a doubtful case.[5]
Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition.[6] However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has *Page 4 
authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction.[7]
 {¶ 3} In Spring 2001, Spears pleaded guilty to felonious assault with a three-year firearm specification, kidnapping, and aggravated burglary. Judge Burnside sentenced him to three years for the firearm specification to be served prior to and consecutive to seven years for felonious assault and eight years each for the kidnapping and aggravated burglary. She further ordered all the sentences to be served concurrently "for a net 10 years." (Sentencing journal entry.) On June 12, 2008, Judge Burnside issued the following order: "Pursuant to Criminal Rule 36, due to clerical error, the court corrects its journal entry of sentencing dated 04/09/2001 to reflect that defendant received a net 11-year prison sentence (and not a net 10-year sentence)."
 {¶ 4} Spears argues that the respondent was without jurisdiction to modify his sentence. The general rule is that once a trial court has carried into execution a valid sentence, it may no longer amend or modify it. "`Where the full sentence involves imprisonment, the execution of the sentence is commenced when the defendant is delivered from the temporary detention facility of the judicial branch to the penal institution of the executive branch.' *** As a result, the trial court does not *Page 5 
have jurisdiction to modify a valid sentence of imprisonment once imprisonment has begun."[8] Because Spears has served most of his sentence, he submits that this modification adding another year is obviously beyond the respondent's jurisdiction, and prohibition should lie to prevent this injustice. He also argues that this modification violates Double Jeopardy.
 {¶ 5} However, in certain situations a trial court retains jurisdiction to amend a sentence, including correcting a void sentence. "A sentence is void when there is an attempt by the court `to disregard statutory requirements when imposing a sentence.' State v. Beasley
(1984), 14 Ohio St.3d 74, 75, 14 OBR 511, 512, 471 N.E.2d 774, 775."[9]
 {¶ 6} R.C. 2929.14(E)(1)(a) provides that the sentence for the three-year firearm specification is to be served consecutively to any other prison term previously or subsequently imposed upon the offender. Thus, Spears' original sentence under which the eight-year terms would be concurrent to the firearm specification was void because it disregarded statutory requirements. Judge Burnside retained jurisdiction to correct the sentence which should have been eleven years (3+8). At the very least, the statute clothed her with sufficient jurisdiction to determine her jurisdiction to *Page 6 
resentence. Spears has or had an adequate remedy at law to contest the resentencing. Additionally, any claims concerning Double Jeopardy are properly reviewed on appeal, not prohibition.[10]
 {¶ 7} Accordingly, this court denies the application for a writ of prohibition. Costs assessed against petitioner. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
MELODY J. STEWART, P.J., and LARRY A. JONES, J., CONCUR.
[1] State ex rel. Largent v. Fisher (1989), 43 Ohio St.3d 160,540 N.E.2d 239.
[2] State ex rel. Lesher v. Kainrad (1981), 65 Ohio St.2d 68,417 N.E.2d 1382, certiorari denied (1981), 454 U.S. 845; Cf. State ex rel.Sibarco Corp. v. City of Berea (1966), 7 Ohio St.2d 85, 218 N.E.2d 428, certiorari denied (1967), 386 U.S. 957.
[3] State ex rel. Ellis v. McCabe (1941), 138 Ohio St. 417,35 N.E.2d 571, paragraph three of the syllabus.
[4] State ex rel. Sparto v. Juvenile Court of Darke County (1950),153 Ohio St. 64, 65, 90 N.E.2d 598.
[5] State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas
(1940), 137 Ohio St. 273, 28 N.E.2d 273, and Reiss v. Columbus MunicipalCourt (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447.
[6] State ex rel. Tilford v. Crush (1988), 39 Ohio St.3d 174,529 N.E.2d 1245 and State ex rel. Csank v. Jaffe (1995),107 Ohio App.3d 387, 668 N.E.2d 996.
[7] State ex rel. Rootstown Local School Dist. Bd. of Edn. v.Portage County Court of Common Pleas (1997), 78 Ohio St.3d 489,678 N.E.2d 1365.
[8] State v. Garretson (2000), 140 Ohio App.3d 554, 559,748 N.E.2d 560. (Emphasis deleted.) See also, City of Brook Park v. Necak (1986),30 Ohio App.3d 118, 506 N.E.2d 936 and State v. Addison (1987),40 Ohio App.3d 7, 530 N.E.2d 1335.
[9] Garretson, 140 Ohio App.3d at 559.
[10] State ex rel. White v. Junkin, 80 Ohio St.3d 335, 1997-Ohio-340,686 N.E.2d 267. *Page 1