DECISION AND JUDGMENT ENTRY
{¶ 1} This cause is before the court on appeal from a judgment of the Lucas County Court of Common Pleas, wherein, appellant, Thomas Embry, was resentenced to seven years in prison for his conviction on one count of felonious assault, with a specification of serious physical harm to another, a violation of R.C. 2903.11(A)(1), a felony of the second degree.
 {¶ 2} This is the second time that this cause comes before the court. See State v. Embry, 6th Dist. No. L-03-1114, 2006-Ohio-729 ("EmbryI"). In Embry I, the trial court followed the statutory sentencing scheme in effect at that time in imposing a nonminimum sentence[1] . Specifically, pursuant to R.C. 2929.14(B), the court made a finding that appellant served a previous prison sentence in order to impose to a nonminimum term of seven years in prison. Id. at ¶ 11. The trial court's original sentencing entry was journalized on April 23, 2003.
 {¶ 3} On appeal, appellant claimed that the trial court erred in sentencing him in violation of Blakely v. Washington (2004),542 U.S. 296. Id. at ¶ 12. In Blakely, the United States Supreme Court found the state of Washington's sentencing scheme unconstitutional because it required judicial factfinding in imposing a sentence in violation of a criminal defendant's right to a jury trial. Id. at the syllabus. We rejected appellant's claim. Embry I at ¶ 12. This court did, however, determine that the trial court erred in failing to notify, pursuant to R.C. 2929.19(B)(3)(c) and 2967.28(B)(2), appellant during his sentencing hearing and in its judgment entry of the fact that appellant would be subject to a mandatory three years of postrelease control after he served his prison sentence. Id. at ¶ 16, relying on State v.Jordan, 104 Ohio St.3d 21, 2003-Ohio-6085. We, therefore, remanded this case to the trial court for resentencing. Id. at ¶ 17. *Page 3 
 {¶ 4} Between February 17, 2006, when our decision in Embry I was released and March 23, 2006[2], the date that the trial court held a hearing on appellant's resentencing, the Ohio Supreme Court issued its decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. InFoster, the court applied Blakely and its progeny and found certain sections of Ohio's sentencing statute unconstitutional because they allowed a trial judge to enhance an offender's sentence by engaging in judicial factfinding, that is, the sentencing judge could use facts that were not considered by a jury to increase a defendant's sentence, thereby violating an offender's right to a jury trial as guaranteed by the Sixth Amendment to the United States Constitution. Id. at paragraph one of the syllabus. Therefore, the Foster court severed the unconstitutional portions of the statute, including the provision allowing the imposition of a nonminimum sentence on an offender based upon a finding that he or she had previously served a prison sentence. Id. at paragraph five of the syllabus. Consequently, on our remand ofEmbry I, the trial court was no longer required to make any factual findings in imposing a nonminimum sentence. Instead, the trial court had full discretion to impose a sentence within the statutory range.Foster at paragraph seven of the syllabus.
 {¶ 5} At appellant's resentencing hearing, his appointed counsel argued that imposing a period of postrelease control as part of appellant's sentence would violate the Double Jeopardy Clause of theFifth Amendment to the United States Constitution. This *Page 4 
argument was based upon the fact, as set forth infra, that the first trial judge failed to follow the strictures of R.C. 2929.19(B)(3)(c) and2967.28(B)(2). The court below, relying on Jordan, supra, rejected appellant's double jeopardy argument and, both orally and in his judgment entry, notified appellant of the fact that he would be subject to a mandatory three years of postrelease control.
 {¶ 6} Counsel further asked the court to sentence appellant to a period of less than seven years of incarceration. Prior to imposing sentence, the trial judge discussed the seriousness of the physical harm that was done to the victim, that her relationship with appellant facilitated the offense, that appellant had an extensive and significant criminal history, and that he had not responded favorably to any of the sanctions imposed for his criminal behavior. After imposing a sentence of seven years, the judge further stated:
 {¶ 7} "Let me note, additionally, for the record, that there is a presumption of incarceration for this charge with a range of two to eight years, and that I believe that in addition to what was said earlier, that given the record of the Defendant, his significant criminal history, his past probation and parole violations, his long-term alcohol and crack cocaine abuse, his multi-state offender status, that I believe this sentence is appropriate for those reasons, in addition to the other reasons which I mentioned earlier."
 {¶ 8} Appellant's counsel then objected to "findings" made by the trial court; specifically, he objected to the "findings regarding the effects that this incident had on the victim." Counsel argued that these findings could constitute judicial factfinding in *Page 5 
violation of Foster and Blakely because "I [appellant's appointed counsel after our remand] don't know that those facts were proven beyond a reasonable doubt either to the court or to a jury * * *." The trial court noted counsel's objection and informed counsel that this cause was tried to a jury that found appellant guilty. Appellee added that the jury found that appellant knowingly inflicted serious physical harm on the victim. Notably, appellant never objected to the quoted paragraph set forth above or any of the other statements made by the trial court in deciding to impose a nonminimum sentence.
 {¶ 9} Appellant appeals his sentence, and asserts the following assignments of error:
 {¶ 10} "The Trial Court Errered [sic] When It Made Findings As To Why It Was Sentencing Mr. Embry To More Than The Minimum In Violation Of State v. Foster [sic] (2006), 109 Ohio St.3d 1.
 {¶ 11} "Appellant-Defendant Thomas Embry's Double Jeopardy Rights Were Violated When the Trial Court Imposed Post-Release Control Upon Mr. Embry When he was not Advised of the Sanction at Either His Initial Sentencing Hearing On April 17, 2003 or In the Subsequent Judgment Entry of Sentencing of That Date Making This Case Distinguishable from State v. Jordan [sic] (2004), 104 Ohio St.3d 21."
 {¶ 12} In his first assignment of error, appellant maintains that the trial court committed prejudicial error by engaging in impermissible factfinding, in particular, in finding that appellant had previously served a prison term, in order to impose a more than minimum sentence. We disagree. *Page 6 
 {¶ 13} First, appellant never objected to the trial court's discussion of appellant's "criminal history." Therefore, his failure to bring the alleged "error" to the attention of the trial court at a time when the court could correct that error constituted a waiver of all but plain error. State v. Johnson, 164 Ohio App.3d 792, 2005-Ohio-6826,¶ 22. Plain error is an obvious error or defect in the trial proceedings that affects a substantial right. Crim.R. 52(B); State v. Lindsey,87 Ohio St.3d 479, 482, 2000-Ohio-465. Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, however, under exceptional circumstances and only to prevent a miscarriage of justice. State v.Long (1978), 53 Ohio St.2d 91, 372. In the present case, the trial court mentioned appellant's "criminal history" but did not use the fact that he had previously served a prison sentence as a basis for imposing a nonminimum sentence. Second, the court simply mentioned appellant's criminal history as part of its explanation in support of its decision not to impose a minimum sentence. Thus, there was no "plain error." Third, and of the greatest importance, the trial court, in its discretion, imposed a sentence within the statutory range of two to eight years. We cannot say that the court's attitude in imposing this sentence was arbitrary, unreasonable, or unconscionable. State v.Adams (1980), 62 Ohio St.2d, 151, 157. For these reasons, appellant's first assignment of error is found not well-taken.
 {¶ 14} In his second assignment of error, appellant contends that by imposing the mandatory three year period of postrelease control on our remand, the trial court violated the Double Jeopardy Clause of theFifth Amendment to the United States Constitution. Appellant premises this contention on the fact that, in Embry I, the trial court failed to *Page 7 
notify him of the mandatory period of postrelease control either at his sentencing hearing or in its judgment entry on sentencing. Appellant cites to a number of cases that he alleges support his contention; however, we conclude that a recent Ohio Supreme Court case, State exrel. Cruzado v. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, is dispositive of the issue raised in this assignment of error.
 {¶ 15} In Cruzado, the court observed that "`[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void.'" Id. at ¶ 20, quoting State v.Beasley (1984), 14 Ohio St.3d 74, 75. Because Cruzado's sentence had not yet been completed when he was resentenced by the trial court, the Ohio Supreme court found that the trial judge had the authority "to correct the invalid sentence to include the appropriate, mandatory postrelease-control term." Id. at ¶ 28.
 {¶ 16} This court followed the rule set forth in Cruzado in State v.Bloomer, 6th Dist. No. F-06-012, 2007-Ohio-1039, a case in which the appellant asserted that the trial court's failure to address the issue of a three year mandatory period of postrelease control for a conviction for a second degree felony either at a hearing or in the court's sentencing entry subjected him to double jeopardy. Id. at ¶ 5. In that case, and upon the state's motion, the trial court held a resentencing hearing for the sole purpose of notifying the defendant of the mandated postrelease control, id., and included the same in a new sentencing entry, id. at ¶ 1. We rejected Bloomer's double jeopardy argument, finding that the trial court was authorized to correct Bloomer's "invalid sentence that had not *Page 8 
expired." Id. at ¶ 10. Likewise, we find that in this case, the trial court possessed the authority to correct appellant's invalid sentence that had not yet expired to include the three year mandatory term of postrelease control. Appellant's second assignment of error is found not well-taken.
 {¶ 17} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., JUDGE, Mark L. Pietrykowski, P.J., JUDGE, Arlene Singer, J., JUDGE.
[1] The permissible prison terms for a felony of the second degree are two, three, four, five, six, seven, or eight years. R.C.2929.14(B)(2).
[2] The trial court entered its judgment on sentencing on the same date, March 23, 2006. *Page 1