OPINION *Page 2 
{¶ 1} Defendant-Appellant, Jesse J. Lange, appeals the judgment of the Mercer County Court of Common Pleas, issuing a nunc pro tunc entry adding discretionary post-release control to his sentence. On appeal, Lange asserts that, if a trial court does not advise a defendant at sentencing that post-release control is or may be imposed, it may not do so through a nunc pro tunc entry at a later date, and that, when a trial court does not impose post-release control at sentencing, the appropriate action is to rule that the defendant is not subject to post-release control. Based on the following, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
 {¶ 2} In August 2004, the Mercer County Grand Jury indicted Lange for one count of intimidation of a witness in violation of R.C. 2921.04(B), a felony of the third degree; one count of robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree; and, one count of abduction in violation of R.C. 2905.02(A)(1), a felony of the third degree. Subsequently, Lange pled not guilty to all three counts of the indictment.
 {¶ 3} In October 2004, Lange withdrew his not guilty plea and entered a negotiated plea of guilty to the intimidation of a witness and abduction counts of the indictment in exchange for a dismissal of the robbery count. *Page 3 
 {¶ 4} In November 2004, the trial court sentenced Lange to a three-year prison term on both the intimidation of a witness and abduction counts, to be served concurrently. The trial court neither notified Lange at the sentencing hearing nor in its subsequent judgment entry about the possibility of a post-release control sanction. Additionally, the trial court ordered Lange to pay restitution "in an amount to be determined." (November 2004 Sentencing Entry, p. 3).
 {¶ 5} In August 2006, while Lange was serving his sentence, the trial court issued a nunc pro tunc judgment entry, providing in pertinent part:
 The court, sua sponte, in order to correct the entry, hereby orders that the following Judgment Entry on Sentencing in this case filed November 22, 2004 be revised to read as follows:
 * * *
 The Court informed the offender that upon release from prison, the offender may be required to serve a period of post-release control under the supervision of the parole board. If a period of post-release control is imposed and a violation of a post-release control sanction occurs, the parole board may increase the duration of the post-release control and/or impose a more restrictive post-release control sanction which may consist of a new prison term of up to nine months for each violation for a total of up to Eighteen (18) additional months (50% of the sentence imposed by the Court). If the violation is a felony, it may also be prosecuted. In addition to any sentence the Court imposed for a new felony, the Court may also impose a prison term, subject to a specified maximum, for the violation.
 {¶ 6} In September 2006, Lange appealed from the trial court's August 2006 nunc pro tunc entry. *Page 4 
 {¶ 7} In October 2006, the trial court issued another nunc pro tunc entry, ordering Lange to pay restitution in the amount of one-hundred dollars.
 {¶ 8} It is from this judgment that Lange appeals, presenting the following assignments of error for our review.[1]
 Assignment of Error No. I IF A TRIAL COURT DOES NOT ADVISE A DEFENDANT AT SENTENCING THAT POST-RELEASE CONTROL IS OR MAY BE IMPOSED, IT MAY NOT DO SO THROUGH A NUNC PRO TUNC ENTRY AT A LATER DATE.
 Assignment of Error No. II WHEN A TRIAL COURT DOES NOT IMPOSE POST-RELEASE CONTROL AT SENTENCING, THE APPROPRIATE ACTION IS TO RULE THAT THE DEFENDANT IS NOT SUBJECT TO POST-RELEASE CONTROL.
 {¶ 9} For clarity of analysis, we elect to address Lange's assignments of error together.
 Assignments of Error Nos. I II {¶ 10} In his first assignment of error, Lange contends that, because the trial *Page 5 
court failed to impose post-release control at sentencing, it could not do so through a nunc pro tunc entry at a later date. In his second assignment of error, Lange contends that, because the trial court failed to impose post-release control during his sentencing, he cannot be subjected to post-release control and that, alternatively, his due process rights would be violated by doing so because he was sentenced before State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, and would now have the option to withdraw his guilty plea.
 {¶ 11} Generally, a trial court lacks authority to reconsider its own valid final judgment in a criminal case. State v. Bloomer, 6th Dist. No. F-06-012, 2007-Ohio-1039, ¶ 6, citing State ex rel. White v. Junkin
(1997), 80 Ohio St.3d 335, 338, 1997-Ohio-340. However, this rule is subject to two narrow exceptions which provide the trial court with continuing jurisdiction. State v. Garretson (2000), 140 Ohio App.3d 554,559. First, a trial court can correct clerical errors in judgments. Id., citing Crim. R. 36. Second, a trial court may correct a void sentencing order. Id., citing State v. Beasley (1984), 14 Ohio St.3d 74, 75.
 {¶ 12} Recently, in State v. Phillips, we summarized the Ohio Supreme Court's prior holdings on this issue, providing:
 [T]he Ohio Supreme Court has held that a trial court's failure to properly notify an offender about post-release control constitutes a void sentence and, therefore, falls under the [second] exception. State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 25; State ex rel Cruzado v. Zaleski, 111 Ohio St.3d *Page 6 353, 2006-Ohio-5795, ¶ 20. Specifically, the Supreme Court held that the statute governing sentencing hearings, R.C. 2929.19,[2] requires a trial court, when sentencing a felony offender to a prison term, to notify the offender about post-release control both at the sentencing hearing and by incorporating it into its sentencing entry. Jordan, 104 Ohio St.3d at paragraph one of the syllabus. The trial court must do so regardless of whether the term of post-release control is mandatory or discretionary under R.C. 2967.28. Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, ¶ 18; Jordan, 104 Ohio St.3d at paragraph two of the syllabus.
 The appropriate remedy for improper notification of post-release control is to resentence the offender, Cruzado, 111 Ohio St.3d at ¶ 21; Jordan, 104 Ohio St.3d at ¶ 23, and such re-sentencing "does not violate double jeopardy restraints." Ramey, 136 Ohio Misc.2d at ¶ 9, quoting Brook Park v. Necak (1986), 30 Ohio App.3d 118, 119-20. Thus, solely issuing a nunc pro tunc entry will not suffice.
 However, a trial court may only resentence an offender to give the required notice of post-release control if the offender's sentence has not yet expired. Cruzado, 111 Ohio St.3d at ¶ 28; Hernandez, 108 Ohio St.3d at ¶¶ 31-32.
3d Dist. No. 8-06-14, 2007-Ohio-686, ¶¶ 23-25. *Page 7 
 {¶ 13} Furthermore, following the Jordan and Hernandez cases, the General Assembly amended R.C. 2967.28, effective July 2006, governing imposition of post-release control, providing as follows:
 (B) Each sentence to a prison term * * * for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. If a court imposes a sentence including a prison term of a type described in this division on or after the effective date of this amendment, the failure of a sentencing court to notify the offender pursuant to [R.C. 2929.19(B)(3)(c)] of this requirement or to include in the judgment of conviction entered on the journal a statement that the offender's sentence includes this requirement does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under this division. Section 2929.191 of the Revised Code applies if, prior to the effective date of this amendment, a court imposed a sentence including a prison term of a type described in this division and failed to notify the offender pursuant to [R.C. 2929.19(B)(3)(c)] regarding post-release control or to include in the judgment of conviction entered on the journal or in the sentence pursuant to [R.C. 2929.14(F)(1)] a statement regarding post-release control. Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be of one of the following periods:
 * * *
 (3) For a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened physical harm to a person, three years.
 {¶ 14} Additionally, the General Assembly enacted R.C. 2929.191, effective July 2006, which provides, in pertinent part: *Page 8 
 (A)(1) If, prior to the effective date of this section, a court imposed a sentence including a prison term of [mandatory post-release control under R.C. 2929.19(B)(3)(c)] and failed to notify the offender pursuant to that division that the offender will be supervised under [R.C. 2967.28] after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to [R.C. 2929.14(F)(1)], at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under [R.C. 2967.28] after the offender leaves prison.[3]
 * * *
 (C) On and after the effective date of this section, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. * * * At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction. *Page 9 
 {¶ 15} Here, Lange asserts that the Hernandez decision prohibits the trial court from resentencing him; that, even if resentencing was proper, the trial court's imposition of a nunc pro tunc entry was not; and, that, regardless, resentencing him post-Foster violated his due process rights.
 {¶ 16} Initially, we note that Lange's reliance on Hernandez is misplaced. In Hernandez, a trial court sentenced the defendant to a seven-year prison term after he pled guilty. However, the trial court failed to notify Hernandez of post-release control at the sentencing hearing and also failed to include post-release control in its subsequent judgment entry. 108 Ohio St.3d at 395. Following completion of his prison term and release thereafter, Hernandez was detained for violating his post-release control and the Adult Parole Authority imposed a prison term upon him. Hernandez filed a writ of habeas corpus challenging his detention, which the Ohio Supreme Court granted. In doing so, the Court held, in pertinent part, that a trial court could not remedy its failure to notify a defendant of post-release control by resentencing him once he had already completed his sentence. Id. at 399-400. Thus, contrary to Lange's assertion, the Court did not hold that resentencing to include post-release control is never allowed; rather, the Court held that it is prohibited where the defendant's prison sentence has already expired. The Court's subsequent holdings inCruzado and Watkins v. Collins, 111 Ohio St.3d 425, 2006-Ohio-5082, as well as the legislature's amendment of *Page 10 
R.C. 2967.28 and enactment of R.C. 2929.191, reaffirm that holding and clearly establish that resentencing an offender while he is serving his prison term is the proper remedy for failing to notify him of post-release control.[4]
 {¶ 17} Here, it is undisputed that Lange is currently serving his prison term and that it has not yet expired. Therefore, we find that the trial court was authorized to sua sponte impose post-release control and that resentencing was the proper method to do so.
 {¶ 18} However, Lange's assertion that the trial court improperly issued a nunc pro tunc entry to resentence him has merit. R.C. 2929.191(C) unequivocally provides that, after July 2006, any trial court wishing to make corrections under R.C. 2929.191(A)(1) or (B)(1) shall not do so until it has first conducted a hearing. Here, the trial court first issued a nunc pro tunc entry incorporating post-release control in August 2006, one month after R.C. 2929.191 became effective. As such, the trial court was first required to conduct a hearing before it could impose post-release control and issue corrections to Lange's original sentence, which it *Page 11 
failed to do.[5] Thus, we find that the trial court's failure to first conduct a hearing to notify Lange of post-release control rendered its nunc pro tunc entry imposing post-release control ineffective.
 {¶ 19} Additionally, Lange contends that re-sentencing him post-Foster violates his due process rights and that he may withdraw his guilty plea if he so chooses. The Foster Court addressed constitutional issues concerning felony sentencing and held that portions of Ohio's felony sentencing framework requiring judicial findings before imposition of more than the minimum, maximum, and consecutive sentences were unconstitutional and void. Foster, 109 Ohio St.3d at ¶ 100. Accordingly, Foster had no impact on R.C. 2967.28, governing imposition of post-release control. Moreover, R.C. 2929.191 authorizes a trial court to hold a resentencing hearing for the limited purpose of imposing post-release control, not for altering a defendant's prison term. Even if a trial court could alter a defendant's prison term at such a resentencing hearing, the trial court here did not do so; therefore, Lange's assertion is merely speculative. Likewise, Lange's assertion that he could withdraw his guilty plea if he so chooses is also purely *Page 12 
speculative given he did not move to do so. Thus, we find thatFoster is inapplicable to the case sub judice.
 {¶ 20} Having found error prejudicial to the appellant herein, in the particulars assigned and argued in his first assignment of error, but having found no error prejudicial to the appellant herein, in the particulars assigned and argued in his second assignment of error, we affirm in part, reverse in part, and remand this cause for further proceedings consistent with this opinion.
Judgment Affirmed in Part, Reversed in Part, and Cause Remanded.
 SHAW and PRESTON, J.J., concur.
[1] We note that the trial court's original sentencing entry in November 2004, although ordering Lange to pay restitution, did not specify the amount or the method of payment. Accordingly, the November 2004 entry was not a final appealable order. State v. Kuhn, 3d Dist. No. 4-05-23, 2006-Ohio-1145, ¶ 8, citing In re Holmes (1980),70 Ohio App.2d 75, 77 (judgment entry that fails to provide either the amount of restitution or the method of payment is not a final appealable order). Likewise, the trial court's August 2006 entry adding post-release control to the original sentence was not a final appealable order because it also failed to specify the restitution amount or method of payment. However, the trial court's October 2006 entry did provide the restitution amount and, therefore, was a final appealable order. Thus, Lange's timely appeal from the October 2006 entry is properly before us, and our references to "the nunc pro tunc entry" throughout this opinion refers to the final October 2006 nunc pro tunc entry.
[2] R.C. 2929.19 provides in pertinent part:
 [I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
 * * *
 Notify the offender that the offender will be supervised under [R.C. 2967.28] after the offender leaves prison if the offender is being sentenced for a felony of the first degree or second degree * * *;
 Notify the offender that the offender may be supervised under [R.C. 2967.28] after the offender leaves prison if the offender is being sentenced for a felony of the third, fourth, or fifth degree * * *.
R.C. 2929.19(B)(3)(c)-(d).
[3] R.C. 2929.191(A)(2) is identical to that of R.C. 2929.191(A)(1) except that it involves discretionary post-release control. Likewise, R.C. 2929.191(B)(1) and (B)(2) mirror the language of R.C. 2929.191(A)(1) and (A)(2), but pertain to a trial court's failure to notify a defendant at sentencing or in its judgment entry about the parole board's possible imposition of a prison term in the event the defendant violates the parole board's supervision or the conditions of the post-release control.
[4] We note that Lange correctly points out that, unlike the situation in Cruzado, where the trial court notified the defendant about post-release control during the sentencing hearing but failed to incorporate it into its judgment entry, the trial court here failed to notify him of post-release control both during sentencing and in its subsequent judgment entry. While this is true, in Hernandez, the trial court also failed to notify the defendant of post-release control both at the sentencing hearing and in its subsequent judgment entry. However, the Ohio Supreme Court took no issue with resentencing in such a case; instead, the Court focused entirely on the timing of the resentencing, holding that it was barred where the defendant's prison term had expired. Thus, the trial court's failure to notify Lange of post-release control both at the sentencing hearing and in its subsequent judgment entry has no bearing on the merits.
[5] Additionally, we note that, in its attempt to impose post-release control in its nunc pro tunc entry, the trial court imposed discretionary post-release control and failed to state its duration. R.C. 2967.28(B)(3) explicitly provides that, for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened physical harm to a person, a three-year period of post-release control is mandatory. Here, Lange pled guilty to intimidation of a witness and abduction, both of which, by definition, involve the use of force or threat of harm to another person; therefore, three years of mandatory post-release control was required. However, the Ohio Supreme Court held that, for purposes of adequate notice, "the distinction between discretionary and mandatory post-release control is one without a difference." Jordan, 104 Ohio St.3d at ¶ 22; see also, Collins, 111 Ohio St.3d at ¶ 51;Cruzado, 111 Ohio St.3d at ¶ 26. *Page 1