OPINION *Page 2 
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-Appellant, Mark J. Gottschall, appeals the judgment of the Mercer County Court of Common Pleas denying his motion for resentencing. On appeal, Gottschall asserts that the trial court erred by refusing to resentence him. Finding that Gottschall's sentence is not void and that the trial court did not err by refusing to resentence him, we affirm the judgments of the trial court.
 {¶ 3} In June 2003, in case 10-06-37, the Mercer County Grand Jury indicted Gottschall on four counts of rape in violation of R.C.2907.02(A)(2), felonies of the first degree, and four counts of sexual battery in violation of R.C. 2907.03(A)(5), felonies of the third degree. In case 10-06-38, the Mercer County *Page 3 
Grand Jury indicted Gottschall on two counts of rape in violation of R.C. 2907.02(A)(2), felonies of the first degree; two counts of sexual battery in violation of R.C. 2907.03(A)(5), felonies of the third degree; and, six counts of gross sexual imposition in violation of R.C.2907.05(A)(1), felonies of the fourth degree. Subsequently, Gottschall entered a plea of not guilty to all the counts of both indictments.
 {¶ 4} In December 2003, Gottschall withdrew his not guilty plea in case 10-06-37 and entered a negotiated plea of no contest to the four sexual battery counts in exchange for a dismissal of the four rape counts, which the trial court accepted.
 {¶ 5} In January 2004, in case 10-06-37, the trial court classified Gottschall as a sexually oriented offender and sentenced him to a four-year prison term on each of the four sexual battery counts, to be served concurrently. Additionally, in case 10-06-38, Gottschall withdrew his not guilty plea and entered a negotiated plea of no contest to the two sexual battery counts in exchange for a dismissal of the remaining counts, which the trial court accepted.
 {¶ 6} In February 2004, in case 10-06-38, the trial court classified Gottschall as a habitual sex offender and sentenced him to a four-year prison term on both sexual battery counts, to be served concurrently. Also, the trial court ordered that the sentence be served consecutively to Gottschall's sentence in case *Page 4 
10-06-37, for an aggregate prison term of eight years. Gottschall did not appeal either sentence.
 {¶ 7} In August 2006, Gottschall moved for resentencing in both cases pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, andBlakely v. Washington (2004), 542 U.S. 296.
 {¶ 8} In November 2006, the trial court denied Gottschall's motions for resentencing, finding that Foster did not apply to his cases.
 {¶ 9} It is from this judgment that Gottschall appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE TRIAL COURT ERRED IN NOT RESENTENCING THE APPELLANT AS HE WAS INITIALLY SENTENCED UNDER AN UNCONSTITUTIONAL STATUTE.
 Assignment of Error No. II THE TRIAL COURT ERRED IN NOT RESENTENCING THE APPELLANT AS HIS INITIAL SENTENCING WAS VOID AND THEREFORE LEGALLY OF NO EFFECT.
 {¶ 10} Due to the nature of Gottschall's assignments of error, we elect to address them together.
 Assignments of Error Nos. I II {¶ 11} In his first and second assignments of error, respectively, Gottschall asserts that the trial court erred by refusing to resentence him because he was *Page 5 
initially sentenced under an unconstitutional statute and because his initial sentence was void and legally of no effect. Specifically, Gottschall contends that, although Foster deemed its holding applicable to cases pending on direct review, it failed to address whether cases that were not pending on direct review could be remanded for resentencing. We disagree.
 {¶ 12} In Foster, the Ohio Supreme Court addressed constitutional issues concerning felony sentencing, holding that portions of Ohio's felony sentencing framework were unconstitutional and void, including R.C. 2929.14(B) and R.C. 2929.14(E)(4), requiring judicial findings before imposition of more than the minimum and consecutive sentences, respectively. 109 Ohio St.3d at ¶¶ 61, 67. In doing so, the Court determined that those unconstitutional provisions could be severed, id. at ¶ 96, and that, thereafter, trial courts had full discretion to impose a prison sentence within the pertinent statutory range and were not barred from ordering consecutive prison terms. Id. at ¶ 105.
 {¶ 13} Additionally, the Court also limited retroactive application of its holding to the cases before it and to "those pending on direct review," id. at ¶ 104, stating that it was mandated to do so by the United States Supreme Court in U.S. v. Booker (2005), 543 U.S. 220, 268. Id. at ¶ 106.
 {¶ 14} The United States Supreme Court has extensively analyzed and discussed the development of the retroactivity doctrine and its application to the *Page 6 
criminal context in its attempts to fashion a workable rule. See, e.g.Linkletter v. Walker (1965), 381 U.S. 618 (establishing three-prong retroactivity analysis); Johnson v. New Jersey (1966), 384 U.S. 719, 732
(three-prong analysis must be applied to both final convictions and convictions pending on direct appeal); U.S. v. Johnson (1982),457 U.S. 537 (decision construing Fourth Amendment must be retroactively applied to all cases pending on direct review, subject to certain exceptions). In Griffith v. Kentucky, the Supreme Court eliminated its previous three-prong retroactivity analysis and held that new constitutional rules of criminal procedure must be applied "retroactively to all cases, state or federal, pending on direct review or not yet final" at the time the new rule is announced. (1987), 479 U.S. 314, 328.
 {¶ 15} Significantly, the Supreme Court declined to extendGriffith to cases which became final before a new constitutional rule was announced. Teague v. Lane (1989), 489 U.S. 288, 310. In doing so, the Court explained that "[application of constitutional rules not in existence at the time a conviction became final seriously undermines the principle of finality which is essential to the operation of our criminal justice system. Without finality, the criminal law is deprived of much of its deterrent effect." Id. at 309; see also Mackey v.U.S. (1971), 401 U.S. 667, 691, Harlan, J., concurring in part and dissenting in part ("No one, not criminal defendants, not the judicial system, not society as a whole *Page 7 
is benefited by a judgment providing a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation").
 {¶ 16} However, Teague adopted the following narrow exceptions to its general rule that new constitutional rules do not apply retroactively to final criminal cases: (1) where the new rule places "1certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe,'" id. at 307, quotingMackey, 401 U.S. at 692-93, or (2) where the new rule establishes a watershed rule of criminal procedure that "implicate[s] the fundamental fairness of the trial," without which "the likelihood of an accurate conviction is seriously diminished." Id. at 310-13.
 {¶ 17} Regarding criminal sentencing in particular, Booker determined that specific provisions in the federal sentencing guidelines requiring judicial fact-finding before imposition of certain sentences violated a criminal defendant's constitutional rights. Following the precedent established in Griffith, the Court limited application of its holding solely to cases pending on direct review or not yet final, and did not apply either of the Teague exceptions. Likewise, Foster limited its holding to those cases pending on direct review or not yet final, as it was required to do under Griffith, Teague, and Booker. *Page 8 
 {¶ 18} Here, Gottschall argues that Foster's limiting of its holding to cases pending on direct review does not preclude resentencing for cases that are not pending on direct review. However, the above-cited cases make clear that defendants whose cases were final at the timeFoster was decided cannot avail themselves of its holding, absent application of one of the Teague exceptions, neither of which apply in this context. Gottschall's sentences were valid at the time it was imposed, as those portions of the statutes deemed unconstitutional inFoster were still in effect during his sentencing, and the trial court complied with existing law in sentencing him according to those provisions. Gottschall failed to appeal from his sentences and, therefore, is precluded from doing so now.
 {¶ 19} Moreover, Gottschall's reliance upon State ex rel Cruzado v.Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, as well as State v.Lange, 3d Dist. No. 10-06-28, 2007-Ohio-2280 and State v. Phillips, 3d Dist. No. 8-06-14, 2007-Ohio-686, is misplaced. Cruzado, Phillips, andLange all involved cases where the sentencing court failed to inform criminal defendants about post-release control, a statutorily mandated term for certain offenses, during sentencing or in its subsequent judgment entry. The Ohio Supreme Court held that, in such a situation, a trial court had jurisdiction to resentence a defendant who was still serving his sentence because the initial sentence was void for failing to include a statutorily mandated term. Cruzado, 111 Ohio St.3d at ¶ 20. Those cases, in *Page 9 
which the sentences were void from the outset because they lacked a required term, differ significantly from the case sub judice, where Gottschall's sentence was devoid of any defects at the time of sentencing, but the statute under which he was sentenced was deemed unconstitutional years later. Indeed, Cruzado made clear that resentencing to correct a void judgment was a narrow exception to the general rule that trial courts lack authority to reconsider their own valid final judgments in criminal cases. Id. at ¶ 18.
 {¶ 20} Additionally, we also note that Gottschall failed to meet the requirements of the post-conviction relief statute, R.C. 2953.21, because he did not move for post-conviction relief within the requisite 180-day time period following the expiration of his time to file a direct appeal and does not meet either of the exceptions to the 180-day time requirement under R.C. 2953.23(A)(1) and (2).[1] Thus, since Gottschall's cases were valid, final, and not pending on direct review, we find that Foster does not apply and that he is not entitled to resentencing.
 {¶ 21} Accordingly, we overrule Gottschall's two assignments of error.
 {¶ 22} Having found no error prejudicial to the appellant herein, in the *Page 10 
particulars assigned and argued, we affirm the judgments of the trial court.
Judgments affirmed.
 SHAW and WILLAMOWSKI, JJ., concur.
[1] By definition, Gottschall sought post-conviction relief. State v.Reynolds, 79 Ohio St.3d 158, 160, 1997-Ohio-304 (holding that, regardless of its caption, a motion is a petition for post-conviction relief where the defendant (1) filed it subsequent to [defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence); State v. Hill (1998), 129 Ohio App.3d 658. *Page 1