OPINION *Page 2 
{¶ 1} Defendant-appellant Billy McGeorge appeals from his sentence rendered in the Mahoning County Common Pleas Court for felonious assault. The issue in this appeal is whether a trial court has the authority to impose a statutorily mandated term of post release control during the period of time after the court's original sentencing and prior to the expiration of appellant's prison sentence. As we answer this question in the affirmative, the judgment of the trial court is likewise affirmed for the reasons expressed below.
 STATEMENT OF THE CASE {¶ 2} On December 14, 2000, McGeorge was indicted for attempted murder, a violation of R.C. 2903.02 and 2923.02; and a firearm specification, a violation of R.C. 2941.145. On February 28, 2001, pursuant to a Crim.R. 11 plea agreement, McGeorge entered a guilty plea to felonious assault, a violation of R.C. 2901.11(A)(2)(D), a second degree felony and a firearm specification, a violation of R.C. 2941.145. The state subsequently dismissed the attempted murder charge. The trial court accepted the plea and found McGeorge guilty of felonious assault with a gun specification. The plea agreement references the maximum penalty for the crimes and also indicates that McGeorge would be subjected to postrelease control.
 {¶ 3} McGeorge was sentenced on April 18, 2001, to an aggregate sentence of seven years; he received four years for felonious assault to run consecutive to three years for the firearm specification. However, at this sentencing hearing, McGeorge was not informed that he would be subject to a mandatory three year period of postrelease control.
 {¶ 4} McGeorge did not appeal the April 18, 2001 order. In 2006, prior to the expiration of McGeorge's prison sentence, the trial court sua sponte ordered a resentencing hearing to be held. The purpose of the resentencing hearing was to inform McGeorge that he would be subject to a mandatory three year period of postrelease control upon his release from prison. The resentencing hearing was held on October 31, 2006. The trial court imposed the same sentence for the felonious assault and firearm convictions — a total of seven years. However, the trial court also *Page 3 
informed McGeorge of the three year term of postrelease control. McGeorge timely appeals from that order.
 ASSIGNMENT OF ERROR {¶ 5} "STATE V. FOSTER MAY NOT BE APPLIED RETROACTIVELY TO DEFENDANTS WHOSE DIRECT APPEALS FROM THEIR CONVICTIONS WERE EXHAUSTED BEFORE FOSTER WAS DECIDED. NOR O.R.C. 2967.28(B)."
 {¶ 6} McGeorge argues that the trial court lacked jurisdiction to resentence him and impose a mandatory three year term of postrelease control. As was explained above, in 2001, when the trial court sentenced McGeorge, it did not advise him on postrelease control. The trial court then in 2006, prior to the expiration of McGeorge's prison term, sua sponte resentenced McGeorge and advised him of the three year term of postrelease control.
 {¶ 7} The general rule is that a trial court loses jurisdiction to amend or modify a sentence once the sentence has been executed.State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 18. However, there are two exceptions to this general rule; a trial court retains continuing jurisdiction over a criminal case to correct a void judgment and to correct clerical errors in the judgment. Id. at ¶ 19.
 {¶ 8} The Ohio Supreme Court has held that when a defendant pleads guilty to an offense and postrelease control is not properly included in the sentence, the sentence is void. State v. Bezak, 114 Ohio St.3d 94,2007-Ohio-3250, syllabus. Thus, as McGeorge was not properly informed of the postrelease control, the 2001 sentence was void and the trial court retained jurisdiction to correct the judgment.
 {¶ 9} Both case law and statutory law reference the means to correct a void judgment when postrelease control has not been told to the offender at the sentencing hearing. R.C. 2929.191 indicates that if prior to July 11, 2006, the trial court imposed a sentence that included postrelease control, but did not notify the offender that he would be supervised after release under postrelease control, the trial court can remedy that error by holding a limited resentencing hearing prior to the expiration of the term of incarceration for the purpose of imposing postrelease control pursuant to R.C. 2967.28. The portion relevant to this appeal states: *Page 4 
 {¶ 10} "If, prior to the effective date of this section, a court imposed a sentence including a prison term of a type described in division (B)(3)(c) of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(1) of section 2929.14 of the Revised Code, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison." R.C. 2929.191(A)(1).
 {¶ 11} Likewise, case law indicates that the proper remedy for improper notification of postrelease control is to resentence the offender. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250.; State v.Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 23. However, the resentencing hearing must occur prior to the expiration of the offender's prison term. Hernandez v. Kelly, 108 Ohio St.3d 395, 399-400,2006-Ohio-126.
 {¶ 12} Considering all the above and the fact that the trial court's resentencing hearing occurred prior to the expiration of McGeorge's prison term, the trial court did have jurisdiction to hold a resentencing hearing to inform McGeorge of the imposition of postrelease control. Thus, McGeorge's argument to the contrary is unfounded.
 {¶ 13} It is noted at this point that in McGeorge's brief he relies onState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, as a basis for arguing that the trial court was without jurisdiction to resentence him. His reliance on Foster is misplaced. First, the trial court did not order resentencing so that the sentence would comply with Foster's mandates. Rather, the court ordered resentencing so that McGeorge would be informed of postrelease control; the prison term of the sentence was not changed. Second, the Foster Court addressed constitutional issues concerning felony sentencing and held that portions of the Ohio's felony sentencing frame work requiring judicial findings before imposition of more than the minimum, maximum and consecutive sentences were unconstitutional and void. Id. at ¶ 100. Thus, Foster had *Page 5 
no impact on R.C. 2967.28, governing imposition of postrelease control, nor did it impact R.C. 2929.191, authorizing a trial court to hold a resentencing hearing for the purpose of imposing postrelease control.State v. Lange, 3d Dist. No. 10-06-28, 2007-Ohio-2280, ¶ 19.
 {¶ 14} Lastly, it is noted that in the last two paragraphs of the brief McGeorge cites to Hernandez v. Wilkinson (N.D.Ohio), Case No. 1:06-CV-158. He states that in that case the United States District Court ordered that Ohio's postrelease control, under R.C. 2967.28 is improper.
 {¶ 15} The Hernandez v. Wilkinson case is a Northern District of Ohio case. It is a class action case concerning "all persons who have been subjected to postrelease control in Ohio between January 24, 2004 and the present." Watkins et al. v. Collins, 111 Ohio St.3d 425,2006-Ohio-5082, ¶ 26. Remedial judgment entries were entered in that case. However, those entries were not attached to the brief in this case. Pursuant to the appellate rules, McGeorge had a duty to attach those entries to the brief.
 {¶ 16} As of this date, the Northern District has issued two unreported opinions in the Hernandez v. Wilkinson case. 2006 WL 3420186
and 2007 WL 128910. These opinions are mostly about qualified immunity from damages under the Civil Rights Act, Section 1983 of Title 42 of the United States Code. They reference that a settlement was reached but do not go into the terms of the settlement.
 {¶ 17} From those cases, it appears that the class action suit was for offenders who were released from prison and underwent varying terms of postrelease control. The postrelease control that they underwent was either not specified by the trial court but imposed by the parole authority or was incorrectly stated by the court and corrected by the parole authority. It does not appear that the class included any individuals who were sentenced by the trial court but not informed of postrelease control and then brought back for resentencing so that they could be properly informed of postrelease control by the court.
 {¶ 18} That said, two cases in Ohio state courts have discussed some of the remedial entries that were entered in Hernandez v.Wilkinson. One is Watkins. In that case, it stated that one of the remedial orders was that class members who did not *Page 6 
have postrelease control incorporated into their sentencing entries were entitled to relief, i.e. to be restored to the status they would have held if postrelease control had not been imposed. Watkins,111 Ohio St.3d 425, 2006-Ohio-5082, ¶ 26.
 {¶ 19} The second case is State v. Lindsay, 3d Dist. No. 8-06-24,2007-Ohio-4490, ¶ 29-32. The remedial order discussed in that case was that where the sentencing court imposed three years of postrelease control, but was required to impose a mandatory term of five years, the offender would only be subject to the time declared by the sentencing courts. This settlement judgment entry was filed November 23, 2006.
 {¶ 20} As stated above, it is unclear if those orders would apply to the situation like McGeorge's where pursuant to Ohio law he was resentenced and properly instructed on postrelease control under R.C.2929.191. That said, the Lindsay court seems to imply that the District Court did not consider or even address the statutory remedy of resentencing when accepting the settlement. It explained:
 {¶ 21} "While the imposition of an incorrect period of post-release control would constitute a constitutional violation, Ohio has provided a remedy. The General Assembly had enacted both R.C. 2929.19(B)(3)(c) and2929.19[1](A)(1) by the time the district court accepted the settlement in Hernandez v. Wilkinson. Therefore, the district court was bound tofollow Ohio's statutes, which, as stated above, require the trial courtto correct its sentence prior to the offender's release from prison.Should the trial court fail to correct its sentence and the offender isreleased from prison, the sentencing judgment entry is void, and thetrial court is without jurisdiction to correct the defect. The Ohio Supreme Court, in Hernandez v. Kelly, provided the remedy for such defect: no period of post-release control. The federal court should have applied Ohio law in fashioning the terms of its judgment entry, but since it did not, we elect to disregard that portion of the district court's judgment entry applicable to this case. The trial court's sentencing judgment entry was void but correctable up to Lindsay's time of release from prison. However, since the court failed to correct the sentence prior to Lindsay's release from prison, he may not be placed on any period of post-release control for the original offense." Id. at ¶ 32 (emphasis added). *Page 7 
 {¶ 22} There is nothing in the record before this court or in the opinions of Hernandez v. Wilkinson, Lindsay, or Watkins, to indicate that Hernandez v. Wilkinson issued a remedial entry that prohibits a trial court, prior to the expiration of an offenders term, to resentence the offender to inform that offender that he or she is subject to a term of postrelease control pursuant to R.C. 2967.28. However, even if those cases purported to do so, we agree with the sound reasoning of our sister district in Lindsay; the district court was bound to follow R.C.2929.191, which as stated above permits the trial court to correct its sentence prior to the offender's release from prison. Thus, any holding to the contrary by the Hernandez v. Wilkinson court is disregarded.
 {¶ 23} Consequently, considering all the above, since the trial court complied with R.C. 2929.191 and had the jurisdiction to correct its void judgment, we find no error with the resentencing.
 {¶ 24} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs
 Waite, J., concurs *Page 1