[Cite as *State v. Beal*, 2011-Ohio-6699.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### CLARK   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2010-CA-103 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 06-CR-1422 |
| v. | : | |
| | : | |
| DIONDRAY BEAL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 23rd day of December, 2011.

. . . . . . . . . . .

ANDREW R. PICEK, Atty. Reg. #0082121, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Post Office box 1608, Springfield, Ohio 45501
         Attorney for Plaintiff-Appellee

SARAH G. LoPRESTI, Atty. Reg. #0083928, Office of the Ohio Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
         Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}  Diondray Beal appeals from his re-sentencing to correct a defect in the trial court's original judgment entry of conviction.

{¶ 2}  Beal advances four assignments of error on appeal. First, he contends the trial court erred in imposing a restitution obligation without considering his ability to pay. Second,

he claims the trial court erred in imposing a five-percent handling fee in connection with his restitution obligation. Third, he argues that the trial court erred in imposing court costs without notifying him that the failure to pay such costs might result in a community service obligation. Fourth, he challenges the weight and sufficiency of the evidence to support his conviction for aggravated robbery.

{¶ 3}   The record reflects that Beal was convicted and sentenced for aggravated robbery with a firearm specification in 2007. The trial court's judgment entry imposed consecutive sentences of nine years for the aggravated robbery and three years for the specification. This court affirmed on direct appeal. See *State v. Beal*, Clark App. No. 07-CA-86, 2008-Ohio-4007. Thereafter, Beal filed a motion in the trial court seeking a revised judgment entry. In support, he argued that the existing judgment entry   failed to comply with the requirements of Crim.R. 32(C) and *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330. When the trial court failed to act on his motion, Beal filed a petition for a writ of mandamus in this court, seeking an order compelling the trial court to rule. On October 14, 2010, this court issued an alternative writ, directing the trial court either to provide Beal with a revised judgment entry or to show cause why it should not be required to do so.

{¶ 4}   In response to our alternative writ, the trial court had Beal returned to court for re-sentencing. During the hearing, the trial court explained that, in addition to filing a revised judgment entry, it intended to correct an alleged discrepancy between what it had said at the original sentencing hearing and what it had ordered in the original judgment entry. More specifically, the trial court stated:

{¶ 5}   "The matter is back before this Court pursuant to an order of the Court of Appeals indicating that the judgment entry of conviction did not meet all of the requirements

of Crim.R. 32. In particular, in reviewing the judgment entry of conviction, it does not state upon what the Court found the Defendant guilty. In short, what method was used, jury trial, Court trial, plea.

{¶ 6} "The Defendant has also raised the issue that the conviction entry orders a three-year firearm specification; but that transcript which he had produced for his appeal states that the Defendant be sentenced for two years for the firearm. That would be something of an oddity since the only firearm specifications in that range would be a one-year firearm specification and a three-year firearm specification, there being no allegation of the elements of a five-year specification in the indictment. However, if the Court did say two years, that would be contrary to statute and would not be a valid judgment of conviction.

{¶ 7} "So the matter is back before the Court to correct the errors in that conviction entry and to set forth a valid—the Court of Appeals sent it back to make a correction to the entry due to the—to include the determination of guilt by a jury finding; but the issue raised by the Defendant as to the transcript language caused this Court to have him brought back for a sentencing at this time to make sure that the sentence as imposed by the Court in the courtroom matches the future entry." (Re-sentencing transcript at 3-4).

{¶ 8} After hearing from counsel and Beal, the trial court orally re-imposed a nine-year sentence for aggravated robbery and a consecutive three-year term for the firearm specification. It also ordered him to pay $312.05 in restitution. The trial court then noted that it had begun adding a handling fee to restitution obligations. It stated, however, that it would not apply the handling fee to Beal's obligation because the fee had not been ordered at the time of his original disposition in 2007. Finally, the trial court ordered Beal to pay court costs and advised him of his post-release control obligation. The trial court followed its oral

pronouncement with a revised October 28, 2010 judgment entry. The revised entry remedied the Crim.R. 32(C) problem this court had noted in its alternative writ. The revised entry was consistent with the trial court's oral pronouncement at the re-sentencing hearing with one exception: it imposed a five-percent handling fee in connection with Beal's restitution obligation. This appeal followed.

{¶ 9} For purposes of our analysis, we will address Beal's first, third, and fourth assignments of error together because we find them barred by res judicata. As set forth above, these assignments of error challenge the trial court's imposition of a restitution obligation and court costs at re-sentencing, as well as the legal sufficiency and manifest weight of the evidence to support Beal's aggravated robbery conviction.

{¶ 10} In *State v. Lester*, __ Ohio St.3d __, 2011-Ohio-5204, the Ohio Supreme Court recently held that "[a] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." Id. at syllabus. Beal's original 2007 judgment entry included these features. The fact that it failed to set forth "the manner" of his conviction did not affect its finality. Id. at ¶12. As the Ohio Supreme Court explained in *Lester*: "Crim.R. 32(C) does not require a judgment entry of conviction to recite the manner of conviction as a matter of substance, but it does require the judgment entry of conviction to recite the manner of conviction as a matter of form. In this regard, the identification of the particular method by which a defendant was convicted is merely a matter of orderly procedure rather than of substance. A guilty plea, a no-contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial explains how the fact of a conviction was

effected. Consequently, the finality of a judgment entry of conviction is not affected by a trial court's failure to include a provision that indicates the manner by which the conviction was effected, because that language is required by Crim.R. 32(C) only as a matter of form, provided the entry includes all the substantive provisions of Crim.R. 32(C)." Id.[1]

{¶ 11} In light of *Lester*, we conclude that Beal's original 2007 judgment entry of conviction was a final, appealable order. Notably, that order included a restitution obligation of $312.05 and required Beal to pay costs. Therefore, if Beal wished to challenge restitution or court costs, he should have done so in his prior appeal. Res judicata precludes him from doing so now. Likewise, res judicata precludes him from now challenging the legal sufficiency or manifest weight of the State's evidence. The proper time to raise such a challenge was in the prior appeal. Cf. *State v. Lunsford*, 193 Ohio App.3d 195, 2011-Ohio-964, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. The fact that the trial court re-sentenced Beal to address other problems does not entitle him to litigate issues that long ago became final.[2] Accordingly, the first, third, and fourth assignments of error are overruled.

{¶ 12} As for the second assignment of error, the State concedes the trial court erred in requiring Beal to pay a five-percent handling fee in connection with his restitution obligation. The trial court did not impose a handling fee when it ordered Beal to pay restitution in 2007. For that reason, it advised Beal during the re-sentencing hearing that no handling fee would be

---

[1]Parenthetically, we note that *Lester* also authorized a trial court to add the manner of conviction to an existing judgment entry through a nunc pro tunc entry. The Ohio Supreme Court further determined that such a nunc pro tunc entry is not appealable. *Lester*, at ¶20. That determination does not preclude Beal's present appeal, however, because the trial court did not use a nunc pro tunc entry to remedy the Crim.R. 32(C) problem.

[2]In *Lunsford*, this court did allow a defendant to challenge *re-sentencing* related court costs in an appeal from his re-sentencing. Unlike the defendant in *Lunsford*, however, Beal forfeited any potential challenge to the imposition of re-sentencing related court costs by failing to object to such costs during the re-sentencing hearing. See *Lunsford*, at ¶14.

imposed. Because the trial court's revised judgment entry erroneously imposes the fee, Beal's second assignment of error is sustained.

**{¶ 13}** Finally, we note that Beal has filed a pro se "Motion to Set Aside Void Judgment for Lack of Jurisdiction."[3] Therein, he argues that the trial court's original 2007 judgment entry is void because it did not recite the manner of his conviction and, as a result, that we lacked jurisdiction over his original appeal. We disagree. The Ohio Supreme Court's ruling in *Lester* makes clear that the 2007 judgment entry was a valid final order. Therefore, we did not lack jurisdiction over the original appeal. Beal's motion is overruled.

**{¶ 14}** Having sustained Beal's second assignment of error, we hereby modify the trial court's judgment by vacating the portion ordering him to pay a handling fee. As so modified, the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN and FROELICH, JJ., concur.

Copies mailed to:

Andrew R. Picek
Sarah G. LoPresti
Hon. Richard J. O'Neill

---

[3]This court ordinarily does not consider pro se filings by defendants who are represented by counsel. *State v. Smith*, Greene App. No. 2010-CA-63, 2011-Ohio-5986, ¶15. We have chosen to address Beal's motion, however, because it raises a jurisdictional issue.