[Cite as *State v. Beal*, 2014-Ohio-3834.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2013 CA 95 |
| v. | : | T.C. NO.   06CR1422 |
| DIONDRAY BEAL | : | (Criminal appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

· · · · · · · · · ·

**O P I N I O N**

Rendered on the 5th day of September, 2014.

· · · · · · · · · ·

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

DIONDRAY BEAL, Inmate #A556-926, London Correctional Institute, 1851 State Route 56, P. O. Box 69, London, Ohio 43140
        Defendant-Appellant

· · · · · · · · · ·

FROELICH, P.J.

{¶ 1}   Diondray Beal appeals, pro se, from a judgment of the Clark County Court

of Common Pleas, which overruled Beal's motions for relief from judgment and to vacate a void

judgment. For the following reasons, the judgment of the trial court will be affirmed.

{¶ 2} In 2007, Beal was convicted by a jury of aggravated robbery with a firearm specification. The judgment entry sentenced Beal to nine years for the aggravated robbery, with three additional years on the firearm specification, to be served consecutively. His conviction was affirmed on direct appeal. *State v. Beal*, 2d Dist. Clark No. 2007-CA-86, 2008-Ohio-4007 (*Beal I*).

{¶ 3} In March 2010, Beal filed in the trial court a "motion to vacate judgment" in which he argued that the court's judgment entry was "invalid/void" because it failed to state the manner of conviction. When the trial court did not rule on his motion to vacate, Beal filed a petition for a writ of mandamus in this court, seeking an order compelling the trial court to rule. In October 2010, we issued an alternative writ, directing the trial court either to provide Beal with a revised judgment entry or to show cause why it should not be required to do so.

{¶ 4} The trial court held a resentencing hearing. At that hearing and in its judgment entry, the trial court addressed an alleged discrepancy between what it said at the original sentencing hearing and in its original judgment entry regarding the length of the term for the firearm specification,[1] in addition to the issue raised in Beal's motion for a revised judgment. It filed a revised judgment entry on October 28, 2010, which included the manner of conviction (jury trial) and clarified that the penalty attributable to the firearm specification was three years.

{¶ 5} Beal appealed from the trial court's revised judgment entry. We affirmed the trial court's revised judgment, except insofar as it imposed a handling fee in connection with

---

[1] According to the trial court, a transcript "which [Beal] had produced for his appeal" stated that he would be sentenced to two years for the firearm specification. Noting that this "would be something of an oddity" since there is no provision for a two-year firearm specification, the court acknowledged that, if it had said two years, "that would be contrary to statute and would not be a valid judgment of conviction."

Beal's restitution obligation, which had not been included in the original judgment entry. *State v. Beal*, 2d Dist. Clark No. 2010-CA-103, 2011-Ohio-6699 (*Beal II*). We modified the judgment with respect to the handling fee.

{¶ 6} In January and February 2013, respectively, Beal filed pro se motions for relief from judgment and to vacate a void judgment. In October 2013, the trial court denied both motions, concluding that Beal did not raise any issues that had not previously been addressed by this appellate court and/or that the issues were barred by res judicata.

{¶ 7} Beal appeals from the trial court's denial of his motions, raising two assignments of error.

{¶ 8} His first assignment of error states:

**The trial court abused its discretion by resentencing defendant after his sentence was served for [the] firearm specification**.

{¶ 9} Beal contends that his sentence was contrary to law and that it violated the Ohio Supreme Court's holding in *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 18, that a defendant cannot be resentenced to correct a sentencing error if his sentence has already been served. He also argues that the court lacked subject matter jurisdiction and that the trial court erred in imposing a three-year firearm specification sentence after it had stated in open court that that portion of the sentence would be two years.

{¶ 10} Beal's premise that his sentence had been served when the trial court modified its judgment entry is incorrect. Beal was convicted of aggravated robbery, for which he was sentenced to nine years, and that sentence had not been served when the trial court revised its judgment entry. Beal's argument is based on his completion of the three-year firearm

specification, without any acknowledgment of the nine-year sentence for aggravated robbery. However, a firearm specification is a penalty enhancement and is contingent upon an underlying felony conviction; it is not a criminal offense in itself. *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 16-17. Moreover, R.C. 2929.14(C) provides that a firearm specification must be served "consecutively to and prior to any prison term imposed for the underlying felony." Because Beal has not completed his sentence for aggravated robbery, his completion of that portion of the sentence attributable to the penalty enhancement for the firearm specification did not preclude the trial court from correcting its judgment entry in his case.

{¶ 11} Beal also argues that the trial court erred in attempting to correct any discrepancy in the record about the length of the firearm specification imposed at his original sentencing hearing; he contends that the two-year specification "imposed in open court * * * controls." Beal failed to raise this argument in *Beal I* or *Beal II*, and we implicitly rejected this argument in our Opinion in *Beal II*. There, we acknowledged the trial court's intent to correct any discrepancy in the length of the firearm specification and the trial court's observation that, if it had imposed a two-year firearm specification at the original sentencing hearing, as Beal alleged, its judgment "would be contrary to law and would not be a valid judgment," because a two-year firearm specification is not authorized by law. *Beal II* at ¶ 6 (quoting the trial court's judgment). The trial court's October 2010 revised judgment entry imposed a three-year firearm specification, and we affirmed that judgment, as modified for reasons unrelated to this issue.

{¶ 12} Res judicata bars relitigation of a matter that was raised or could have been raised on direct appeal when a final, appealable order was issued in accordance with the law at the time. *State v. Griffin*, 138 Ohio St.3d 108, 2013-Ohio-5481, 4 N.E.3d 989, ¶ 3. Beal's

argument with respect to any discrepancy between the orally-pronounced sentence and the judgment entry regarding the length of the firearm specification was not raised on direct appeal (*Beal I*), in his 2010 motion to vacate judgment, or in his appeal from the trial court's denial of the motion to vacate judgment (*Beal II*). It is now barred by res judicata.

{¶ 13} Beal's first assignment of error is overruled.

{¶ 14} The second assignment of error states:

**The trial court abused its discretion when it failed in its duty to instruct the jury as to every essential element of each offense and specification which the prosecution is required to prove beyond a reasonable doubt.**

{¶ 15} This assignment of error challenges the jury instructions that were given at Beal's trial in 2007. As we stated in *Beal II*, "[t]he fact that the trial court resentenced Beal to address other problems does not entitle him to litigate issues that long ago became final." *Id.* at ¶ 11. Beal's argument about the jury instructions is barred by res judicata. *Griffin* at ¶ 3.

{¶ 16} The second assignment of error is overruled.

{¶ 17} The judgment of the trial court will be affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J. concur.

Copies mailed to:

Ryan A. Saunders
Diondray Beal
Hon. Richard J. O'Neill