[Cite as *State v. Beal*, 2016-Ohio-3271.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

STATE OF OHIO                                      :
                                                   :
        *Plaintiff-Appellee*                       :        Appellate Case No. 2015-CA-91
                                                   :
v.                                                 :        Trial Court Case No. 2006-CR-1422
                                                   :
DIONDRAY M. BEAL                                   :        (Criminal Appeal from
                                                   :        Common Pleas Court)
        *Defendant-Appellant*                      :
                                                   :

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of June, 2016.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Clark County Prosecuting
Attorney, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

DIONDRAY M. BEAL, Inmate No. 556-926, London Correctional Institution, P.O. Box 69,
London, Ohio 43140
        Defendant-Appellant-Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-Appellant, Diondray Beal, appeals pro se from a trial court judgment denying his motion to vacate a judgment entry filed on July 25, 2007. In support of his appeal, Beal contends that the original judgment entry was not a final appealable order because the trial court failed to state the method of payment of restitution in the judgment entry. Beal further contends that the trial court could not modify his firearm specification after the sentence imposed for the specification had expired.

{¶ 2} We conclude that the original conviction was a final appealable order, and that Beal's arguments are barred by res judicata. Accordingly, the judgment of the trial court will be affirmed.


I. Facts and Course of Proceedings

{¶ 3} This is the fourth appeal that Beal has filed in connection with his 2007 Aggravated Robbery conviction. The conviction arose in connection with an armed robbery that occurred in November 2006. Following a jury trial, the trial court sentenced Beal to nine years in prison on the Aggravated Robbery charge and three years on a firearm specification, for a total of 12 years in prison. The court also ordered Beal to pay $312.05 in restitution. We affirmed Beal's conviction on direct appeal. *See State v. Beal*, 2d Dist. Clark No. 07-CA-86, 2008-Ohio-4007, ¶ 57 (*Beal I*).

{¶ 4} Subsequently, Beal filed a motion with the trial court, seeking a revised judgment entry because the judgment entry allegedly failed to comply with Crim.R. 32(C) and *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. After we

issued an alternative writ directing the trial court to file a revised entry or show cause, the trial court held a sentencing hearing and re-sentenced Beal to correct the fact that the court had not originally stated the basis of Beal's conviction, i.e., by jury trial, court trial, or plea. *State v. Beal*, 2d Dist. Clark No. 2010-CA-103, 2011-Ohio-6699, ¶ 5 (*Beal II*).

{¶ 5} Beal then appealed, pro se, from the revised sentencing entry, raising four assignments of error: (1) that the court imposed a restitution order without having considered his ability to pay; (2) that the court erred in imposing a five-percent handling fee in connection with the restitution obligation; (3) that the court erred in imposing court costs without having notified him that failing to pay court costs could result in community service; and (4) that his conviction for Aggravated Robbery was against the weight and sufficiency of the evidence. *Id*. at ¶ 2.

{¶ 6} We concluded that the first, third, and fourth assignments of error were barred by res judicata. *Id.* at ¶ 9. In this regard, we first noted that Beal's judgment of conviction was a final appealable order because it included the features outlined in *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142. *Id*. at ¶ 10, citing Lester at ¶ 12. In particular, the conviction was not required to state the manner of conviction as a matter of substance, but only as a matter of form. *Id*. We then stated that:

In light of *Lester*, we conclude that Beal's original 2007 judgment entry of conviction was a final, appealable order. Notably, that order included a restitution obligation of $312.05 and required Beal to pay costs. Therefore, if Beal wished to challenge restitution or court costs, he should have done so in his prior appeal. Res judicata precludes him from doing so now. Likewise, res judicata precludes him from now challenging the

legal sufficiency or manifest weight of the State's evidence. *Beal II*, 2d Dist. Clark No. 2010-CA-103, 2011-Ohio-6699, at ¶ 11.

{¶ 7} We did sustain Beal's second assignment of error, concluding that the trial court erred in imposing a five-percent handling fee for the restitution, since that was not included in the original judgment. *Id.* at ¶ 12. We, therefore, modified the court's judgment by vacating the handling fee, and otherwise affirmed. *Id.* at ¶ 14.

{¶ 8} Subsequently, in January and February 2013, Beal filed pro se motions for relief from judgment and to vacate a void judgment. After the trial court denied the motions, Beal appealed again. *See State v. Beal*, 2d Dist. Clark No. 2013-CA-95, 2014-Ohio-3834, ¶ 6 (*Beal III*). During this appeal, Beal raised two assignments of error: (1) that the trial court had abused its discretion by resentencing him on the firearm specification after he had already served the sentence; and (2) that the court had abused its discretion by failing to instruct the jury as to all the essential elements of the offense. *Id.* at ¶ 8 and 14.

{¶ 9} The first assignment of error was based on Beal's allegation that the trial court had initially said in open court that it would sentence him to two years on the firearm specification, but then imposed a three-year sentence. *Id.* at ¶ 9. We rejected that argument, stating:

> Beal's premise that his sentence had been served when the trial court modified its judgment entry is incorrect. Beal was convicted of aggravated robbery, for which he was sentenced to nine years, and that sentence had not been served when the trial court revised its judgment entry. Beal's argument is based on his completion of the three-year firearm

specification, without any acknowledgment of the nine-year sentence for aggravated robbery. However, a firearm specification is a penalty enhancement and is contingent upon an underlying felony conviction; it is not a criminal offense in itself. *State v. Ford*, 128 Ohio St.3d 398, 2011–Ohio–765, 945 N.E.2d 498, ¶ 16–17. Moreover, R.C. 2929.14(C) provides that a firearm specification must be served "consecutively to and prior to any prison term imposed for the underlying felony." Because Beal has not completed his sentence for aggravated robbery, his completion of that portion of the sentence attributable to the penalty enhancement for the firearm specification did not preclude the trial court from correcting its judgment entry in his case.

*Beal III*, 2d Dist. Clark No. 2013-CA-95, 2014-Ohio-3834, at ¶ 10.

**{¶ 10}** In addition, we rejected this argument on the basis of res judicata, since the original judgment entry had imposed a three-year sentence for the firearm specification, and we had affirmed that judgment in *Beal I*. *Id*. at ¶ 11-12. We also rejected the second assignment of error, by applying res judicata. *Id*. at ¶ 15.

**{¶ 11}** On March 12, 2015, Beal filed a motion to vacate the judgment for lack of a final appealable order. After the trial court denied Beal's motion, Beal once again filed a notice of appeal.

## II.   Existence of an Appealable Order

**{¶ 12}** Beal's First Assignment of Error states that:

Judgment Entry Failed to Meet the Required Crim.R. 32 Elements of

Restitution by Failing to State the Method of Payment Thus the Defendant Relies on State v. Anthony Thompson, Failure to Do So [sic] Non Final Appealable Meaning the 2nd District Appeal Court Never Had Proper Jurisdiction to Render on Case. The Defendant Ask[s] for the Court of Appeals to Dismiss the First Appeal for Lack of Jurisdiction.

{¶ 13} Under this assignment of error, Beal contends that the trial court's July 25, 2007 order, which required him to pay $312.05 in restitution, was not a final appealable order because it failed to specify the "method" of payment. We have held that for a final appealable order to exist, the trial court must decide the specific amount of restitution an offender owes. *State v. Plassenthal*, 2d Dist. Montgomery No. 22464, 2008-Ohio-5465, ¶ 7-8. We adhered to this position in *State v. Perkins*, 2d Dist. Montgomery No. 25808, 2014-Ohio-1863, noting that "courts continue to take the view that entries contemplating further action on restitution are not final appealable orders." (Citations omitted.) *Id.* at ¶ 44.

{¶ 14} Courts have made the broad statement that a final appealable order does not exist where a "judgment entry does not set forth either a specific amount of restitution or the method of payment." *State v. Kuhn*, 3d Dist. Defiance No. 4-05-23, 2006-Ohio-1145, ¶ 8. However, these cases have involved situations where courts have failed to set forth an ascertainable amount or how the amount ordered is to be allocated to multiple victims. For example, in *Kuhn*, the trial court ordered the defendant to pay restitution to the victim's family for the decedent's funeral and burial expenses, but did not indicate the amount. There was also nothing in the record to aid the appellate court in ascertaining the amount. *Id.*

{¶ 15} In another example, the court of appeals noted that it had previously dismissed the defendant's appeal for lack of a final appealable order. This was based on the trial court's failure to order a specific restitution amount. *State v. Lange*, 3d Dist. Mercer No. 10-06-28, 2007-Ohio-2280,¶ 7-8 and fn.1. However, the court also observed that the case was now properly before it because the trial court had filed a nunc pro tunc order requiring the defendant to pay $100 in restitution. *Id. See also State v. Baker*, 12th Dist. Butler No. CA2007-06-152, 2008-Ohio-4426, ¶ 43 (noting there was originally no final appealable order where the trial court entry ordered defendant "to pay restitution in an amount 'to be determined * * *.' "); *State v. Riggs*, 5th Dist. Licking No. 2009-CA-00041, 2009-Ohio-6821, ¶ 30 (holding there was no final appealable order because court only ordered that defendant would pay restitution, rather than any particular amount); and *State v. Hartley*, 3d Dist. Union No. 14-09-42, 2010-Ohio-2018, ¶ 5 (dismissing the appeal because even though the trial court had ordered restitution of a specific amount, multiple victims were involved, and the court's entry did not describe how payments would be allocated among victims. As a result, the entry left issues unresolved).

{¶ 16} Unlike these cases, the judgment entries in the case before us ordered a specific restitution amount to be paid through the probation department. We also noted in *Beal I* that the cashier who was robbed gave the robber "approximately three hundred dollars in cash." *Beal I*, 2d Dist. Clark No. 07-CA-86, 2008-Ohio-4007, at ¶ 1. Thus, this case does not involve multiple victims. Accordingly, the restitution order did not contemplate further action, and was a final appealable order.

{¶ 17} As an additional matter, since the order was final, any issues that Beal wishes to address could have been resolved on direct appeal and are now barred by res

judicata.  "The doctrine bars re-litigation of matters that either were raised in a prior appeal or could have been raised in a prior appeal."  (Citation omitted.)  S*tate v. Anderson*, 2d Dist. Montgomery No. 26525, 2016-Ohio-135, ¶ 44.

{¶ 18} Accordingly, the First Assignment of Error is overruled.


### III.   Jurisdiction over the Firearm Specification

{¶ 19} Beal's Second Assignment of Error states that:

Court [sic] Lack Jurisdiction over the Defendant Because Firearm Specification Should Be Dismissed for Not Being Properly Given under Revised Code Within the Proper Limitations.  Further the Ohio Supreme Court Has Said a Specification and Underlying Offense are Separate Offenses.

{¶ 20} Beal's argument under this assignment of error is not particularly clear. According to Beal, the State failed to object when the trial court sentenced him to two years for the firearm specification.   Allegedly, this occurred during the original sentencing hearing.   Beal also argues that he had served his firearm specification prior to the time that it was modified.   Somehow, Beal connects these points with a comment by the Supreme Court of Ohio that "the Revised Code does not provide that either a trial court or an appellate court may consider an offense and an attendant specification together as a 'bundle.' "   *State v. Evans*, 113 Ohio St.3d 100, 2007-Ohio-861, 863 N.E.2d 113, ¶ 16.

{¶ 21} Again,  Beal's  arguments  are  barred  by  res  judicata.   Assuming  for purposes of argument that the trial court said during the initial sentencing hearing in 2007 that the court would impose a two-year sentence on the firearm specification, and then

inserted a three-year sentence in its July 25, 2007 judgment entry, the time to raise this issue would have been during Beal's direct appeal.

{¶ 22} Furthermore, we previously rejected the same argument in *Beal III*, stating that Beal could have raised sentencing issues about the firearm specification in both of his prior appeals, but failed to do so. *Beal III*, 2d Dist. Clark No. 2013 CA 95, 2014-Ohio-3834, at ¶ 10-12. We also observed that, under R. C. 2929.14(C), firearm specifications must be served consecutive to the prison sentence for the underlying felony. *Id.* at ¶ 10. Beal was originally sentenced in 2007, and the trial court resentenced him in October 2010. This was a little more than three years after the original sentence was imposed, and, at that time, Beal would not have finished serving his nine-year prison sentence on the underlying charge.

{¶ 23} As a final matter, we see no relevance of the *Evans* decision to this case. There was no evidence of any type of "bundling" of sentences with respect to the firearm specification and the sentence for the Aggravated Robbery. Accordingly, the Second Assignment of Error is overruled.

IV.   Conclusion

{¶ 24} All of Beal's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J. and FROELICH, J., concur.

Copies mailed to:

Ryan A. Saunders
Diondray M. Beal
Hon. Richard J. O'Neill